UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
SHANNON VAN HORN, *et al.*                  :
                                            :     CASE NO. 1:08-cv-605
            Plaintiffs,                     :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Doc. No. 119-1.]
NATIONWIDE PROPERTY AND                     :
CASUALTY INSURANCE                          :
COMPANY, *et al.*                           :
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 6, 2009, this Court approved the language for the Federal Rule of Civil Procedure 23(c)(2)(B) notice for absent class members. [Doc. 118.] Defendants Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, and Nationwide Mutual Insurance Company (collectively, "Defendants") move this Court to reconsider its approval. [Doc. 119-1.] Plaintiffs responded, [Doc. 120,] and Defendants replied, [Doc. 121.]

This Court has already certified this class action as a Federal Rule of Civil Procedure 23(b)(3) class action and has also denied the Defendants' motion for summary judgment. [Docs. 111, 116.] Defendants now ask this Court to reconsider its approved notice saying that the Court failed to include language describing several of Defendants' affirmative defenses and the class members' obligation to preserve relevant records. [Doc. 119-1.] In resolving this motion, the Court must decide

-1-

Case No. 1:08-cv-605
Gwin, J.

whether its previously approved notice will allow absent class members to make an informed decision

on participation.  The notice must also comply with the Rule 23(c)(2)(B) requirement that notice

must be "clear[] and concise[]." FED. R. CIV. P. 23(c)(2)(B).

Because the notice was a fair description of this case, this Court **DENIES** Defendants' motion

to reconsider.

## I.  Background Facts and Procedure

This Court has already outlined the facts underlying this claim in its opinions on class

certification and summary judgment. [Docs. 111, 116.] The description of the facts here, then, will

be brief.

All class members held insurance policies with the Defendants.  All class members had an auto

accident that caused significant damage to their car such that repair costs would have exceeded the

vehicle's value.  [*See* Doc. 81 at 6.] Defendants characterized the vehicles of all the class members

as a total loss. [*See* Doc. 81 at 6.] In all of the policy language applicable to the class members,

Defendants promised to provide rental-car benefits if they characterized a vehicle as a total loss.

These rental-car benefits were to last for a maximum of 30 days, but at least until the parties reached

a settlement agreement.  [Doc. 87-10, Exs. 22-30 at 4-21.] The Defendants did not provide the full

30 days of rental-car benefits to any of the class members.  This failure to provide the full 30 days of

rental-car benefits is not, standing alone, a breach of the insurance contracts.  The parties do not

seriously dispute these facts but disagree on most other issues in this case.

The four named Plaintiffs, in depositions filed with this Court, all described a settlement

process that had several common elements: (1) before reaching a settlement, (2) Defendants informed

the named Plaintiffs that their rental-car benefits would end (a) regardless of any settlement and (b)

Case No. 1:08-cv-605
Gwin, J.

at a time before the expiration of the promised 30 days. [*See* Doc. 111 at 6-7 (describing settlement process for four named Plaintiffs).]  This type of communication is the foundation of the Plaintiffs' claims–Plaintiffs said that this constituted a breach of the insurance contract by anticipatory repudiation.

In the class certification opinion, this Court addressed whether the Defendants had a national practice of delivering this allegedly breaching communication.  If Defendants had such a national practice, class-wide adjudication of whether that communication constituted a breach of the insurance contracts would be an exceedingly efficient means of the resolution of these claims (for both Plaintiffs and Defendants).  *See* 7AA Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1785 ("In order to effectively make the Rule 23(b)(3) inquiry, it is necessary for the court to consider what will have to be proved at trial and whether those matters can be presented by common proof or whether individual proof will be required.").

The evidence before this Court demonstrated that the Defendants had a national practice of delivering the allegedly breaching communication. Defendants had taken affirmative steps to make sure that claims were handled the same way on a national level. To ensure uniformity for all employees, Defendants promulgated a national set of Best Practices to guide adjusters in the field. [*See* Doc. 111 at 7 and accompanying citations.]

Defendants had also promulgated a process outline for the claims settlement process that described a process substantially similar to that described by the named Plaintiffs.  The process outline did not allow employees to extend rental-car benefits for more than three days after a first offer of settlement unless they received specific authorization. [*See* Doc. 111 at 8 and accompanying citations.]  The process outline also says that a standard form letter should follow the offer of

-3-

Case No. 1:08-cv-605
Gwin, J.

settlement. [*See* Doc. 111 at 8 and accompanying citations.] The form letter contained an empty

space in which Defendants' employees were to fill in the date on which rental-car benefits would end.

[*See* Doc. 111 at 8-9 and accompanying citations.] For at least the last two years, Defendants'

company policy directed employees to fill in this space by simply adding three days to the date of the

original offer. [*See* Doc. 111 at 9 and accompanying citations.] The form letter did not condition the

end of rental-car benefits on settlement.

Additionally, the four named Plaintiffs all described a substantially similar settlement process

in their deposition testimony. [*See* Doc. 111 at 6-7 and accompanying citations.]

This Court held that this evidence demonstrated, for the purposes of class certification, that

Defendants' had a national practice of delivering the allegedly breaching communication.

Accordingly, because of the predominance of these common issues, the Court held that this action

was well suited for class-wide adjudication. [Doc. 111.]

Around two weeks after certifying the class, this Court denied the Defendants' motion for

summary judgment. [Doc. 116.] In moving for summary judgment, the Defendants argued that they

had not breached the insurance contracts because all the Plaintiffs had agreed to settlements before

Defendants actually ended rental-car benefits. [Doc. 91-2.] In their reply brief, Defendants argued

that anticipatory repudiation could not apply to unilateral contracts and that the statements by

Defendants were not sufficiently concrete to constitute a repudiation. [Doc. 100 at 2-3.]

The Court held that anticipatory repudiation was a viable theory for breach of an insurance

contract under Ohio law and that Plaintiffs had presented sufficient evidence of an anticipatory

repudiation to survive a motion for summary judgment. [Doc. 116.] The Court then approved the

Plaintiffs' proposed notice to class members. [Doc. 118.]

-4-

Case No. 1:08-cv-605
Gwin, J.

In moving to reconsider, the Defendants say that the notice was procedurally and substantively deficient. In saying that the notice was procedurally deficient, Defendants say that the notice should have included language informing class members that Defendants plan to argue (1) that the settlement agreements signed by the class members prevent any additional recovery; (2) that because of the settlement agreements, class members "must return to Nationwide the proceeds of [their] underlying insurance claim settlement" to participate in the lawsuit, [Doc. 119-3, Ex. B at 1;] and (3) that class members must preserve records demonstrating that they "returned their rental vehicle . . . on a date earlier than when they accepted a total loss settlement offer," [Doc. 119-1 at 13.]

## II.  Motion to Reconsider

This Court will first outline the legal principles governing adjudication of a motion to reconsider, and then evaluate the Defendants' motion under those principles.

The  Federal Rules of Civil Procedure do not explicitly authorize a party to move a court for reconsideration.  The Sixth Circuit, however, has held that a  motion to reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").  Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose.  *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly

Case No. 1:08-cv-605
Gwin, J.

discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

### III. Application of Motion to Reconsider Standard

Defendants say that this Court's approval of notice was both procedurally and substantively deficient. Before addressing Defendants' more extensive arguments on substantive deficiencies, this Court will briefly address the procedural argument.

*III.A.  Procedural Deficiencies*

In saying that the notice was procedurally deficient, the Defendants complain that they had no opportunity to respond to the Plaintiffs proposed class notice. [Doc. 119-1 at 3 (citing Local Rule 7.1).] Local Rule 7.1 covers motions. Here the Plaintiffs submitted proposed notice for the Court's approval. Local Rule 7.1 does not require this Court to provide Defendants' 14 days to respond. After examining the Plaintiffs' proposed notice, this Court was satisfied that the notice would fairly

Case No. 1:08-cv-605
Gwin, J.

and adequately inform absent class members of their rights. [*See* Doc. 117-1, Ex. A at 13.][1] The

Court's approval of the notice was not procedurally deficient.

*III.B.   Substantive Deficiencies*

    The Defendants say that the notice was substantively deficient because it failed to include

descriptions of several of Defendants' affirmative defenses and failed to include language requiring

class members to maintain certain records related to their total loss claim.  Defendants did not brief

these defenses in their motion for summary judgment. [Docs. 91-1, 91-2, 100.] Ordinarily, this Court

would summarily deny this motion for reconsideration because Defendants are attempting to raise

arguments they failed to raise in their original briefs.  The Federal Rules of Civil Procedure do not

specifically authorize a motion to reconsider and this Court will require a party to make an

exceedingly strong showing before granting a motion for reconsideration based on arguments that

the party could have, but failed to, previously raise.

    The motion to reconsider, however, implicates more than simply the interests of the

Defendants.  Defendants will be able to present these new affirmative defenses at trial,[2] *see* FED. R.

CIV. P. 12(h), and class members need to be able to make an informed decision on participation.  *See*

Alba Conte & Herbert Newberg, 3 NEWBERG ON CLASS ACTIONS (4th ed.) § 8:4 (noting that notice

in a Rule 23(b)(3) class action is intended to "allow[] the parties to make conscious choices that affect

their rights in a litigation context"); MANUAL ON COMPLEX LITIGATION (4th ed.)  § 21.311 (noting

------

[1] The Court recognizes that, ideally, the parties will jointly submit proposed notice for the Court's approval.

[2] Defendants say that these defenses are not new because they included the defenses in their Amended Answer. [Doc. 83.] Defendants did plead the defenses of accord and satisfaction and release.  Defendants did not plead the defenses of the tender-back rule, indemnity, or assignment of claims. [Doc. 83.] The defenses are new in the sense that none were briefed at summary judgment stage and some were not even plead in their Amended Answer.

-7-

Case No. 1:08-cv-605
Gwin, J.

that "[s]ufficient information about the case should be provided to enable class members to make an informed decision about their participation"). Because of the importance of the notice, this Court will address Defendants arguments and describe why the Court-approved notice is sufficient.

III.B.1.    *The Legal Requirements of Rule 23(c)(2)(B) Notice*

When a Court certifies a Rule 23(b)(3) class action, Rule 23(c)(2)(B) requires that a court "must direct to class members the best notice that is practicable under the circumstances." The Rule continues that

> [t]he notice must clearly and concisely state in plain, easily understood language:
>
> (i)   the nature of the action;
> (ii)  the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv)  that a class member may enter an appearance through an attorney if the member so desires;
> (v)   that the court will exclude from the class any member who requests exclusion;
> (vi)  the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23. The amount of information on defenses that must be presented is minimal: "A simple general statement that the defendants have denied liability will suffice or it may be more detailed and specific, which is especially suitable when affirmative defenses have been presented."

3 NEWBERG ON CLASS ACTIONS § 8:31. The Rule itself does not explicitly require the notice to include a description of the defenses. *See* FED. R. CIV. P. 23(c)(2)(B)(iii) (requiring inclusion of "claims, issues, *or* defenses") (emphasis added).

The Defendants complain that the Court's approved notice does not comply with the Rule 23(c)(2)(B)(iii) requirement that the notice contain the "claims, issues, or defenses."

The Court-approved notice describes this lawsuit as follows:

-8-

Case No. 1:08-cv-605
Gwin, J.

> In the lawsuit, the Plaintiffs say that Nationwide breached its contract with its
> policyholders. They claim that Nationwide prematurely terminated the car rental
> benefits that it owes its policyholders when it makes an "offer" to settle its automobile
> policyholders' total loss claims. Plaintiffs assert that the insurance policy
> endorsements that Nationwide issued to plaintiffs and the class do not permit an early
> termination at the time that an "offer" to settle is made. You can read the Plaintiffs'
> Class Action Complaint at www.nationwideclassaction.com.
>
> . . .
>
> Nationwide denies Plaintiffs' allegations and contends that it was the Company's
> policy and practice to terminate rental benefits only after a policyholder has accepted
> the settlement offer. Nationwide's Answer to the Complaint is also at the website.

[Doc. 117 at 6.]

The Defendants central complaint with the Court's approved notice is that it does not include

language on the Defendants' affirmative defenses. Defendants will be able to present these affirmative

defenses at trial. But the Court need not include every affirmative defense that a defendant proposes

if the notice otherwise fairly informs absent class members of the action.

The Rule not only suggests, but requires that the "notice *must clearly* and *concisely* state in

plain, easily understood language" a description of the action. FED. R. CIV. P. 23(c)(2)(B) (emphasis

added). The above-quoted notice says that Defendants deny Plaintiffs' claims and that Defendants

only terminated rental-car benefits after settlement. Defendants spend considerable time in their briefs

on the motion to reconsider arguing that the above-quoted description of the action is deficient

because it does not include: (1) language informing absent class members of the Defendants argument

that the settlement agreements bar additional recovery, (2) language informing absent class members

of their supposed obligation to tender back the consideration they received in the settlement

agreements to participate in the lawsuit, and (3) language informing absent class members that they

must keep records proving their claim. This Court will now address each of these arguments in turn

Case No. 1:08-cv-605
Gwin, J.

and explain why the notice is sufficient.

### III.B.1.a.  Settlement

Defendants say that the settlement agreements signed by class members prevent class members from any recovery related to the rental-car benefits. As evidence of this argument, Defendants provide the settlement agreement of named Plaintiff Quade that states, "the undersigned agrees to . . . forever hold harmless the Company from all claims whatsoever kind or nature arising out of the loss of their vehicle on the above mentioned date." [Doc. 119-2, Ex. A.] The Plaintiffs dispute the broad coverage of this language and contend that the settlement agreements "were clearly and unambiguously for the replacement of their automobiles and did not encompass car rental benefit claims." [Doc. 120 at 3.]

The parties disagree on this issue.  Any additional language on the applicability of the settlement agreements would require additional language explaining the Plaintiffs' position on the settlement agreements.  The resolution of this issue is not before this Court but Defendants' argument is not so strong that the notice is deficient.

Defendants' instructions to employees on settlement offers deal almost exclusively with the value of the total-loss vehicle. [Doc. 87-8, Ex. 4 at 7.] The instructions direct the employee to confirm the condition of the vehicle but not to say "we are offering you $ . . . ." *Id.*  Instead, the employee is to say "[t]he market value of your vehicle is $ . . . ." *Id.*  In describing this settlement process, Deponent Coats, Nationwide's Material Damage Technical Director, said that,

> The only thing I can gather from that is if you present the offer by saying we are offering you, the customer will assume the vehicle value is negotiable, to let the customer know that we've done our homework on the value of the vehicle, and this is the market value of the vehicle, and this is what it is worth.

[Doc. 104-2 at 111-112.]

Additionally, in a form letter Nationwide sent to insureds, at least until 2005, that had a total

Case No. 1:08-cv-605
Gwin, J.

loss and in which Defendants promise to provide insureds with "a settlement offer . . . based on the actual cost value of your total loss vehicle." [Doc. 104-2 at 121-124.] Also, the policy language of the four named Plaintiffs provided that rental-car benefits would last until the parties reached a total settlement agreement. [Doc. 87-10, Ex. 26 at 13.] This suggests that the property settlement agreements were distinct from the rental-car benefits.

A release "ordinarily acts as an absolute bar to any later action on any claim *encompassed within the release*." 15 OHIO JUR. 3d COMPROMISE, ACCORD, AND RELEASE § 50. A written release, when "the language . . . is ambiguous, doubtful, or uncertain, [is] to be construed according to the rules governing the construction of contracts generally, with the prime object of arriving at the intention of the parties." *Id.* at § 48. While "[a] release is a contract that is favored by the law to encourage the private resolution of disputes," *id.*, "[l]anguage in a contract of insurance reasonably susceptible to more than one meaning will be construed strictly against the insurer and in favor of coverage." 18 OHIO JUR. 3d CONTRACTS § 119.

In saying that Defendants did not terminate rental-car benefits until after settlement, the notice implies that the settlement may be a defense. Again, the notice Court-approved notice is not deficient.

### III.B.2.b.   Tender-Back Rule

Defendants then argue that Plaintiffs must tender back the settlement money they received to participate in this lawsuit. Defendants urge this Court to include the following language:

> In order to participate in this lawsuit, you must return to Nationwide the proceeds of your underlying insurance claim settlement on or before _____.

[Doc. 119-3. Ex. B at 1.] This language is not necessary to ensure the fairness and accuracy of the notice and would unreasonably discourage participation in this suit.

-11-

Case No. 1:08-cv-605
Gwin, J.

The tender-back rule applies when (1) a party agreed to settle a claim, (2) alleges that the settlement agreement was the result of a fraudulent misrepresentation, and (3) and sues seeking compensation for the previously settled claim above the amount of the settlement. *Haller v. Borro Corp*, 552 N.E.2d 207, 211 (Ohio 1990). When all these conditions are met, "the consideration should first be returned so that the parties may be placed in the positions they enjoyed prior to the practice of the fraud alleged." *Id.*

Application of this rule here rests on the assumption that the settlement agreements covered rental-car benefits. Whether this assumption will be proven is far from clear. The Plaintiffs have cited to authority suggesting that an exception to the tender-back rule applies when "money received by the party [in a settlement] was due him in any event and if returned could be recovered back." *In re Estate of Gray*, 123 N.E.2d 408, 412 (Ohio 1954); *see also* 15 OHIO JUR. 3d COMPROMISE, ACCORD, AND RELEASE § 26 (noting that "[e]xceptions to this rule exist when the money received by the party was due him in any event, and if returned could be recovered (citing *Provident Life & Acc. Ins. Co. v. Bertman*, 151 F.2d 1001 (6th Cir. 1945)).] The Defendants present a plausible argument challenging the continued viability of this exception. [Doc. 121 at 6-5 (citing *Jacobs v. Invisible Fence Co., Inc.*, No. 98-4549, 1999 WL 1204876 (6th Cir. Dec. 3 1999)). *Jacobs* declined to "*create*" an exception to the tender-back rule for circumstances where it is "impossible or impracticable for a plaintiff to return consideration." *Id.* at *4 (emphasis added). But the *Jacobs* court did not address the exception noted in *Estate of Gray*. 123 N.E.2d at 412.

If proven to apply in this case, a plaintiff's failure to comply with the tender-back rule might require a court to dismiss the claim. *See Jacobs*, 1999 WL 1204876 (affirming district court's dismissal of complaint for failure to tender-back consideration); *Haller*, 552 N.E.2d at 211 (reversing

-12-

Case No. 1:08-cv-605
Gwin, J.

appeals court decision allowing a claim to survive summary judgment when plaintiff had failed to tender-back consideration). The Defendants' proposed notice, however, would require that class members tender back consideration before even participating in this case. The tender-back rule may be a defense here, but the absent class members will not have to return consideration before participation in the suit. If Defendant can prove at trial that the tender-back rule is a valid defense, the Defendant may be entitled to judgment. But the tender-back rule does not impose additional requirements for participation in a lawsuit.

Again, the applicability of the tender-back rule is an uncertain question. The issue is complex, and the rule's applicability is far from clear. The issue is interrelated to the settlements and the notice mentions the settlements. The Court-approved notice is sufficient.

### III.B.2.c. Retaining Records

The Defendants additionally say that the notice must inform absent class members of their duty to maintain records related to the claims. Defendants say that class members "will be required to show that (1) they returned their rental vehicle, or stopped receiving rental car reimbursement, on (2) a date earlier than when they accepted a total loss settlement offer." [Doc. 119-1 at 13.]

This language rests on the assumption that the Defendants did not breach their insurance agreements when they communicated a termination of rental-car benefits before the contractually promised time. This proposed language is not necessary for a general description of the claims and defenses and may confuse or mislead class members as to the nature of this action.

### IV. Conclusion

Notice must be prompt, clear, and concise. Notice must also be informative and allow absent class members to make an informed choice on participation. The Court-approved notice will allow

-13-

Case No. 1:08-cv-605
Gwin, J.

absent class members to make an informed choice.  Accordingly, this Court **DENIES** the Defendants'

motion to reconsider.

IT IS SO ORDERED.


Dated: March 19, 2009                    s/          *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE