UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,

           Plaintiffs,

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY, *et al.*,

           Defendants.

:
: CASE NO. 1:08-cv-00605
:
: Judge James S. Gwin
:
:
:
:
:
:
:

## STIPULATION OF SETTLEMENT

      This Stipulation Of Settlement ("Stipulation Of Settlement") is made by and between the following parties, by and through their respective counsel, and subject to the following terms and conditions:

      1.     With respect to the class certified by the United States District Court for the Northern District of Ohio on February 10, 2009 in the above-captioned case, by and between Plaintiffs Shannon Van Horn, Sandra Prosser, Joelle Quade, and Kathleen Carbon (the "Named Plaintiffs"), on behalf of themselves and on behalf of members of the certified class, and

Class Counsel _____          1          Counsel for Nationwide _____

Defendants Nationwide Property And Casualty Insurance Company, Nationwide Insurance Company Of America, Nationwide Mutual Fire Insurance Company, and Nationwide Mutual Insurance Company (collectively the "Nationwide Defendants"); and

2.     With respect to the prospective class to be certified as set forth below, by and between potential members of the prospective class, on the one hand, and Colonial County Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Titan Indemnity Company, Titan Insurance Company, Victoria Automobile Insurance Company, Victoria Fire and Casualty Company, Victoria National Insurance Company, Victoria Select Insurance Company, and Victoria Specialty Insurance Company (collectively the "Settlement Class Nationwide Defendants"), on the other hand.

### RECITALS

WHEREAS, the Named Plaintiffs became parties to the above-captioned action (the "Action") now pending in the United States District Court for the Northern District of Ohio (the "Court") with the filing of the Second Amended Complaint on or about October 2, 2008;

WHEREAS, the Court certified a class on or about February 10, 2009 and defined the class as follows:

> All individuals and entities who: (i) had an automobile policy with one of the Named Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when a "total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

Class Counsel                     2                    Counsel for Nationwide  NWF

(hereinafter the "First Nationwide Class");

WHEREAS, the parties desire to amend the Second Amended Complaint to include the Settlement Class Nationwide Defendants as party defendants;

WHEREAS, the parties desire to have a second class certified for settlement purposes comprised of all individuals and entities who, from October 2, 1993 through February 10, 2009 (the "Class Period"): (i) had an automobile policy with one of the Settlement Class Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination (the "Nationwide Settlement Class");

WHEREAS, the Named Plaintiffs (on behalf of themselves and members of the First Nationwide Class), the Nationwide Settlement Class, the Nationwide Defendants and the Settlement Class Nationwide Defendants desire to enter into a settlement of claims as more fully described below;

WHEREAS, the Named Plaintiffs, through counsel, while believing that the claims asserted in the Action have substantial merit, examined the benefits to be obtained under the terms of the proposed settlement, considered the risks associated with the continued prosecution and possible appeal of this Action and the claims of the Nationwide Settlement Class, and the likelihood of success on the merits of the Action and the claims of the Nationwide Settlement Class, and believe that, in consideration of all the circumstances, the proposed settlement



Class Counsel                          3                    Counsel for Nationwide

embodied in this Stipulation is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs, the First Nationwide Class and the Nationwide Settlement Class; and

WHEREAS, the Nationwide Defendants and the Settlement Class Nationwide Defendants believe they have numerous merits and class defenses, and further maintain that they have consistently acted in accordance with governing laws at all times and deny wrongdoing of any kind whatsoever, and without admitting liability, nevertheless agreed to enter into this Stipulation to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims which were asserted or could have been asserted in the Action or the contemplated amendment to the Second Amended Complaint, as more fully described below.

NOW, THEREFORE, IT IS HEREBY AGREED by and between the parties, through their respective counsel, that the Action, including the contemplated amendment of the Second Amended Complaint, be settled and compromised as between the Named Plaintiffs, the First Nationwide Class, the Nationwide Settlement Class, the Nationwide Defendants and the Settlement Class Nationwide Defendants, upon approval of the Court after hearing as provided for in this Stipulation, on the following terms and conditions:

## I.  DEFINITIONS

In addition to the foregoing, the following terms shall have the meanings set forth below:

1.     "Available Remaining Coverage" means the difference between (a) the applicable policy limit on rental benefits set forth in the applicable endorsement and (b) the rental benefits actually received by each Class Member or Settlement Class Member from Nationwide.  For example, for a Class Member who had a policy limit for rental benefits of $900, and who received $850 in rental benefits, the Available Remaining Coverage would be $50.  It shall be

Class Counsel                     4              Counsel for Nationwide  MWe

the responsibility of the Claims Administrator to determine the Available Remaining Coverage for each Class Member or Settlement Class Member, where possible, based on data provided to it by Nationwide.

2.    "Claim Form" means the form attached to or accompanying the Individual Notice and/or available on the website referenced in Paragraph 50(ii).  The timely submission of a Claim Form to the Claims Administrator is the way Class Members and Settlement Class Members elect to participate in this Settlement. The Claim Form is attached hereto as Exhibit C.

3.    "Class Counsel" means the following attorneys who represent the Named Plaintiffs, the Class Members and the Settlement Class Members:

> Brian S. Kabateck
> Richard L. Kellner
> KABATECK BROWN KELLNER LLP
> 644 South Figueroa Street
> Los Angeles, California  90017
>
> Austin Tighe
> FEAZELL & TIGHE, LLP
> 6300 Bridgepoint Parkway
> Bridgepoint 2, Suite 220
> Austin, Texas  78730
>
> Alberto R. Nestico
> KISLING, NESTICO AND REDICK LLC
> 3200 West Market Street, Suite 300
> Akron, Ohio  44333

4.    "Class Member" means any Person who is included within the definition of the First Nationwide Class, and who has not previously, validly and timely requested exclusion from such class.

5.    "Court" means the United States District Court for the Northern District of Ohio.

6.    "Effective Date" means the first date after which all the following events and conditions have been met or occurred:

Class Counsel                 5                Counsel for Nationwide

a) All parties have executed this Stipulation;

b) The Court has, by its Preliminary Approval, preliminarily approved this Stipulation Of Settlement and the methods for providing notice to Class Members and Settlement Class Members as provided herein;

c) The Court has entered the Final Judgment, finally approving this Stipulation Of Settlement, without material alteration, and releasing the Released Persons from the Released Claims and dismissing with prejudice, and without leave to amend, the Action and all claims asserted therein, except as to those Class Members and Settlement Class members who timely requested exclusion, and the Final Judgment is fully enforceable and beyond appeal; and

d) The number of Settlement Class Members who have filed valid and timely requests for exclusion does not exceed the number set forth in Paragraph 67(c) below, or, if it does exceed that amount, Nationwide chooses not to exercise its right to terminate this Stipulation Of Settlement.

7.    "Fairness Hearing" means the settlement approval hearing to be conducted by the Court in connection with determination of the fairness, adequacy, and reasonableness of this Stipulation Of Settlement in accordance with the applicable Federal Rules of Civil Procedure and other applicable law.

8.    "Final Judgment" means the Order to be entered by the Court, substantially in the form attached hereto as Exhibit E, or such other form as is mutually agreeable to the parties, approving the Stipulation Of Settlement as fair, adequate and reasonable and in the best interests of the First Nationwide Class and the Nationwide Settlement Class as a whole, as well as the Nationwide Defendants and the Settlement Class Nationwide Defendants, in accordance with the applicable Federal Rules of Civil Procedure and other applicable law, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of the Stipulation Of Settlement.

9.    "First Nationwide Class Common Fund" shall mean funds available in the amount of Twenty Five Million Dollars ($25,000,000.00) for payment of class benefits, including

Class Counsel ⁀⁀⁀⁀          6          Counsel for Nationwide ⁀⁀⁀⁀

attorneys' fees and costs, with respect to the First Nationwide Class as described in this Stipulation Of Settlement.

10.   "Individual Notice" means (i) when used with respect to the First Nationwide Class, the notice of the Court's Preliminary Approval to be sent to Class Members in the form attached hereto as Exhibit A, and (ii) when used with respect to the Nationwide Settlement Class, the notice of formation of the Nationwide Settlement Class, notice of the Court's Preliminary Approval, and notice of the right to opt out of the Nationwide Settlement Class to be sent to Settlement Class Members in the form attached hereto as Exhibit B.

11.   "Maximum Individual Payment" means the maximum potential amount payable to each Class Member or Settlement Class Member who submits a Valid Claim Form.  For members of the First Nationwide Class, the Maximum Individual Payment shall be calculated as follows:

> (First Nationwide Class Common Fund minus attorneys' fees and costs awarded to Class Counsel pursuant to Paragraph 45 minus class representatives' enhancement awards approved pursuant to Paragraph 33) divided by 188,011

For members of the Nationwide Settlement Class, the Maximum Individual Payment shall be calculated as follows:

> (Nationwide Settlement Class Common Fund minus attorneys' fees awarded to Class Counsel pursuant to Paragraph 46) divided by (19,939 minus number of valid and timely filed opt-outs from Nationwide Settlement Class)

12.   "Nationwide" means the Nationwide Defendants and the Settlement Class Nationwide Defendants.  Where applicable, "Nationwide" shall also mean the Nationwide Defendants and the Settlement Class Nationwide Defendants, and any of their past, present or future subsidiary, controlled, affiliated, related and/or parent corporations, business entities or divisions, and/or any other successors, assigns or legal representatives thereof.

Class Counsel                     7                    Counsel for Nationwide _MWF_

13.    "Nationwide Settlement Class Common Fund" shall mean funds available in the amount of $2,651,288.83 for payment of class benefits, including attorneys' fees and costs, with respect to the Nationwide Settlement Class as described in this Stipulation Of Settlement. The Nationwide Settlement Class Common Fund was calculated as follows:   $132.97 x 19,939.

14.    "Notice Date" means the date upon which Individual Notice is first mailed to Class Members and Settlement Class Members.

15.    "Person" means any natural person, individual, corporation, association, partnership, trust or any other type of legal entity.

16.    "Preliminary Approval" means the Court's order granting preliminary approval of this Stipulation Of Settlement in substantially the form attached hereto as Exhibit D.

17.    "Released Claims" means and includes any and all claims, causes of action, demands, rights or liabilities for damages, in contract, in tort, under any statute or regulation, and/or derived directly or indirectly from any statute, or claims under federal, state, local or other laws, including, but not limited to claims for extra-contractual damages, exemplary (punitive) damages, policy or premium proceeds, consequential losses or damages, interest, equitable relief, declaratory relief, injunctive relief (however described or defined), known or unknown, fixed or contingent, that the Named Plaintiffs, the Class Members and/or the Settlement Class Members now have asserted, could have asserted, or may in the future assert <u>and</u> referring or relating in any way to rental car reimbursement coverage or benefits provided, denied or available to Class Members and Settlement Class Members during the Class Period under any Nationwide insurance policy or endorsement. The Released Claims include, but are not limited to:

> (a) the release of all matters alleged in the Second Amended Complaint, including but not limited to the actions pleaded therein, and to be pleaded therein in the contemplated amendment to the Second Amended Complaint; and

Class Counsel                 8                Counsel for Nationwide ⟨M⟩

(b) the release and waiver of any and all rights under the California Civil Code section 1542 (and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code), which reads as follows:   **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

18.     "Released Persons" means Nationwide, Nationwide's counsel, and any of Nationwide's past, present, or future officers, stockholders, insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

19.     "Settlement Class Member" means any Person who is included within the definition of the Nationwide Settlement Class, and who has not validly and timely requested exclusion from such class.

20.     "Valid Claim Form" means a Claim Form that (i) has been timely submitted to the Claims Administrator, (ii) has been properly completed, including the Class Member's or Settlement Class Member's name, signature of the Class Member or Settlement Class Member, and an affirmation under penalty of perjury that the Class Member or Settlement Class Member meets the criteria listed in the Claim Form, and (iii) does not contain a response rendering the Class Member or Settlement Class Member ineligible to receive payment under the terms of this Stipulation Of Settlement.

Class Counsel ____        9        Counsel for Nationwide ____

## II.   AMENDMENT OF SECOND AMENDED COMPLAINT

21.   At the same time they file a motion seeking the Court's preliminary approval of this Stipulation Of Settlement, the Named Plaintiffs shall file an amended complaint naming the Settlement Class Nationwide Defendants as party defendants. A copy of the proposed amended complaint is attached hereto as Exhibit F.

## III.   PRELIMINARY CERTIFICATION OF THE NATIONWIDE SETTLEMENT CLASS; REQUEST FOR EXCLUSION

22.   For settlement purposes only, the parties stipulate that the Court may enter an order preliminarily certifying the Nationwide Settlement Class and appointing Class Counsel for the First Nationwide Class as Class Counsel for the Nationwide Settlement Class as well.

23.   Class Counsel may conduct reasonable confirmatory discovery from the Settlement Class Nationwide Defendants regarding the names, address and claims data which the Settlement Class Nationwide Defendants have provided to Class Counsel. Such discovery, if any, shall be limited in scope and nature to comparable discovery taken by Class Counsel in the Action with respect to the names, address and claims data, which the Nationwide Defendants provided to Class Counsel in the Action. Such discovery shall be completed no later than forty-five (45) days after execution of this Stipulation Of Settlement.

24.   Members of the Nationwide Settlement Class shall have the opportunity to request exclusion from (opt-out of) the Nationwide Settlement Class. Such members who wish to exclude themselves (opt-out) from the Nationwide Settlement Class must submit a written Request for Exclusion.

25.   To be effective, such a request must include the Class Member's name and address, a clear and unequivocal statement that the Class Member wishes to be excluded (opt-out) from the Nationwide Settlement Class, and the signature of the Class Member.

Class Counsel _____     10     Counsel for Nationwide _____

26.     A Request for Exclusion form will be provided in the Individual Notice sent to potential members of the Nationwide Settlement Class as set forth in Section VI.A. below. The request must be mailed to the Class Counsel at the address provided in the Individual Notice and must be postmarked no later than sixty (60) days after the Notice Date.

27.     Class Counsel shall promptly log each Request for Exclusion that it receives and provide copies of the log and all such Requests for Exclusion to Counsel for Nationwide as requested. No later than five (5) days before the Fairness Hearing, Class Counsel shall file with the Court a list of the Persons who properly and timely excluded themselves from the Nationwide Settlement Class.

28.     Class Counsel agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting exclusion from the Nationwide Settlement Class.

29.     Preliminary certification of the Nationwide Settlement Class and appointment of the class representatives and Class Counsel by the Court shall be binding only with respect to the settlement of the Action. In the event this Stipulation is terminated pursuant to its terms, or a Final Judgment and approval of the Stipulation Of Settlement and dismissal of the Action for any reason does not occur, this preliminary certification of the Nationwide Settlement Class shall be nullified, and the Action shall proceed as though the Nationwide Settlement Class had never been certified, with the parties reserving all their rights regarding moving for and/or challenging class certification.

Class Counsel                     11                    Counsel for Nationwide  MWC

## IV.   COMMON FUNDS; CLAIMS PROCEDURE AND PAYMENT.

### A.   <u>Common Funds</u>.

30.   Payment by the Nationwide Defendants of class benefits to the First Nationwide Class, its attorneys' fees and costs to Class Counsel, and the enhancement awards to the Named Plaintiffs, shall be subject to the terms and conditions set forth in this Stipulation Of Settlement.

31.   Payment by the Settlement Class Nationwide Defendants of class benefits to the Nationwide Settlement Class, and its attorneys' fees to Class Counsel shall be subject to the terms and conditions set forth in this Stipulation Of Settlement.

32.   The formation of the First Nationwide Class Common Fund and the Nationwide Settlement Class Common Fund does not require Nationwide to set aside such amounts or transfer them to any particular account or escrow.  Any sums of money in the First Nationwide Class Common Fund and the Nationwide Settlement Class Common Fund not properly claimed by Class Members and Settlement Class Members by and through a Valid Claim Form, or paid out as attorneys' fees and costs or as enhancement awards, remain the property of Nationwide.

### B.   <u>Enhancement Awards To Named Plaintiffs</u>.

33.   Nationwide agrees to pay each of the Named Plaintiffs an enhancement award in the amount of Ten Thousand Dollars ($10,000.00) for their services as a Class Representative. Nationwide will not oppose an application for an enhancement award in this amount.  In no event shall Nationwide have any obligation to pay any enhancement award in any amount greater than Ten Thousand Dollars ($10,000.00) to each of the Named Plaintiffs.  The enhancement awards will be paid from the First Nationwide Class Common Fund.  Payment will be made by a check issued to each of the Named Plaintiffs and delivered to Class Counsel within ten (10) business days after the Effective Date.

Class Counsel           12          Counsel for Nationwide _____

C.   **Payment To Class Members And Settlement Class Members.**

34.     In order to receive payment under this Stipulation Of Settlement, Class Members and Settlement Class Members must submit a Claim Form postmarked by a date no later than forty-five (45) days after the Fairness Hearing. The Claim Form will be provided with the Individual Notice as set forth in Section VI below. All sections of the Claim Form must be completed. Class Members and Settlement Class Members who fail to complete the Claim Form in its entirety are not entitled to receive a payment under the terms of this Stipulation Of Settlement.

35.     Claims may only be made in the name of the individual Class Member or Settlement Class Member. Claims may not be assigned or transferred. Bulk claims are also not permitted. Only one claim per Class Member or Settlement Class Member will be permitted.

36.     Class Counsel and Counsel for Nationwide will work with the Claims Administrator to develop a mutually-accepted process to determine which Claim Forms are Valid Claim Forms, including Nationwide's ability to challenge Claim Forms that it suspects are invalid, and Class Counsel's ability to challenge the anticipated denial of Claim Forms before a final determination is made. The Claims Administrator must follow the procedures outlined in this Stipulation Of Settlement and the agreed-upon process in making its determination of the validity or invalidity of a Claim Form. Its determination shall be final and not subject to appeal by any party. The Claims Administrator will not be required to begin processing Claim Forms until after the Effective Date of this Stipulation Of Settlement.

37.     The Claims Administrator has the right, if it reasonably suspects a potentially invalid Claim Form or fraud, to request additional information. In addition, Nationwide has the right to perform a review of Claim Forms and, in the event Nationwide reasonably suspects a

Class Counsel                     13                    Counsel for Nationwide Nate

potentially invalid Claim Form or fraud, to request additional information before the Claim Form is determined to be a Valid Claim Form. Class Counsel shall also be kept informed of any claims where additional information is requested.

38.     Nationwide shall pay to each Class Member or Settlement Class Member who submits a Valid Claim Form the Maximum Individual Payment or the Available Remaining Coverage, whichever is lesser. Where the Available Remaining Coverage cannot be determined from the data provided by Nationwide to the Claims Administrator, the Claims Administrator will notify Nationwide to determine whether any additional information is available. If no further information is available, which would permit calculation of the Available Remaining Coverage, the Class Member or Settlement Class Member shall receive the Maximum Individual Payment.

39.     Within one hundred and twenty (120) days after the Effective Date, Nationwide will distribute payment in the amount calculated pursuant to Paragraph 38 above, to every Class Member and Settlement Class Member who has submitted a Valid Claim Form. Payment shall be made to Class Members and Settlement Class Members via checks whose terms require negotiation within ninety (90) days of the check's date.

40.     The payments set forth in this Section IV.C. shall be the only payments to which any Class Member or any Settlement Class Member will be entitled pursuant to this Stipulation Of Settlement (with the exception of the Named Plaintiffs' enhancement awards described in Paragraph 33).

41.     A Class Member or Settlement Class Member who objects to the Claims Administrator's determination of his, her, or its claim, if any, must so notify the Claims Administrator within thirty (30) days after the date that the Claims Administrator mailed the

Class Counsel _____     14     Counsel for Nationwide _____

determination and/or claim payment to the Class Member or Settlement Class Member. The Class Member or Settlement Class Member must provide a written and signed statement setting forth the basis for his, her or its objection. Any objection that is not postmarked within the thirty (30) day period shall be denied by the Claims Administrator.

42.     Upon the timely submission of an objection pursuant to Paragraph 41, the Claims Administrator, Nationwide, and the objecting Class Member or Settlement Class Member shall have thirty (30) days to attempt to resolve the objection by agreement. At the end of this thirty (30) day period, the Claims Administrator shall provide the objecting Class Member or Settlement Class Member written notice of its decision regarding the objection. The decision of the Claims Administrator shall be binding and not subject to appeal.

43.     If, after all checks have been disbursed to Class Members and Settlement Class Members, there are checks that have not been cashed within ninety (90) days of the check's date, or are returned as undeliverable following reasonable efforts made to locate the Class Member or Settlement Class Member, Nationwide will stop payment on those uncollected checks, and the payment to the Class Member or Settlement Class Member shall be deemed as having never been made. Any funds with respect to such uncollected checks remain the property of Nationwide.

**D.     Attorneys' Fees And Costs.**

44.     Attorneys' fees and costs were not fully negotiated by Class Counsel until the Class benefits had been determined.

45.     With respect to the First Nationwide Class, Nationwide will pay attorneys' fees and costs in an amount to be determined by the Court, but no greater than Six Million Two

Hundred Fifty Thousand Dollars ($6,250,000.00). The attorneys' fees and costs will be paid from the First Nationwide Class Common Fund.

46.     With respect to the Nationwide Settlement Class, Nationwide will pay attorneys' fees and costs in an amount to be determined by the Court, but no greater than 25% of the Nationwide Settlement Class Common Fund. The attorneys' fees and costs will be paid from the Nationwide Settlement Class Common Fund.

47.     The Nationwide Defendants and the Settlement Class Nationwide Defendants will not oppose Class Counsel's request for an award of fees and costs in an amount equal to or less than the amounts specified in Paragraphs 45 and 46 above. In no event will the Nationwide Defendants or the Settlement Class Nationwide Defendants be obligated to pay attorneys' fees or costs in excess of those amounts. The Nationwide Defendants' and the Settlement Class Nationwide Defendants' agreement to this Stipulation Of Settlement is conditioned upon the attorneys' fees and costs award not exceeding the amounts set forth in Paragraphs 45 and 46 above, and in the event such awards are greater than those amounts, the Stipulation Of Settlement will not become effective, as set forth in Section IX below.

48.     The Nationwide Defendants and the Settlement Class Nationwide Defendants will pay attorneys' fees and costs awarded in compliance with Paragraphs 45 and 46 above within ten (10) business days of the Effective Date. Payment shall be made by a check issued to Kisling, Nestico & Redick LLC and delivered to Alberto Nestico for disbursement among Class Counsel.

49.     None of the Released Persons shall have any responsibility for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other Person who may assert a claim thereto, of any attorneys' fees, costs, or expenses that the Court may award.

Class Counsel                16               Counsel for Nationwide  ⏤

## V.  CLAIMS ADMINISTRATOR

50.   Nationwide will have the responsibility to select a Claims Administrator.  The Claims Administrator shall (i) oversee the provision of Individual Notice to the First Nationwide Class and to the Nationwide Settlement Class; (ii) maintain a website providing information regarding the Stipulation Of Settlement, and providing copies of the Stipulation Of Settlement and related documents; (iii) process Claim Forms to determine which Claim Forms are Valid Claim Forms; (iv) provide instructions to Nationwide regarding the claims to be paid; (v) oversee, audit, and confirm the issuance of payments to the Class Members who submitted Valid Claim Forms; and (vi) provide a certification to the Court regarding the administration and processing of claims and the issuance of the payments to Class Members as set forth herein.

51.   Nationwide shall pay the reasonable costs of administering the Stipulation Of Settlement, once Preliminary Approval is granted by the Court.  Such costs include, without limitation, the reasonable costs of notifying Class Members, preparing the Individual Notice and Claim Forms, mailing of the Individual Notice and Claim Forms, processing the claims, and costs associated with the services of the Claims Administrator to undertake any duties required to assist in the management of this Stipulation Of Settlement, including, but not limited to, fees associated with the establishment of an automated toll free telephone number to answer frequently asked questions, live operators to respond to questions, and the establishment of a website concerning the Stipulation Of Settlement.

52.   Nationwide agrees to provide information that it reasonably has available in electronic format, which is reasonably necessary for the identification of Class Members and Settlement Class Members, providing notice to Class Members and Settlement Class Members

and administering this Stipulation Of Settlement. Nationwide shall bear its own costs in providing such information.

53.     Nationwide will also pay past administrative costs in the amount of $137,700.96 incurred by EPIQ Systems, Inc. in connection with the notice that was already provided to the First Nationwide Class in this Action.

## VI.   NOTICE TO POTENTIAL CLASS MEMBERS; OBJECTIONS,

### A.   Notice To Potential Class Members.

54.     Within five (5) business days after Preliminary Approval of this Stipulation Of Settlement, Nationwide shall provide the Claims Administrator with its reasonably available electronic data to ascertain the name and last known address of each potential member of the First Nationwide Class and the Nationwide Settlement Class.

55.     Within five (5) business days after receiving the name and address data from Nationwide, the Claims Administrator shall send Individual Notice to each potential member of the First Nationwide Class, by first-class mail, in the form attached hereto as Exhibit A.

56.     Within five (5) business days after receiving the name and address data from Nationwide, the Claims Administrator shall send Individual Notice to each potential member of the Nationwide Settlement Class, by first-class mail, in the form attached hereto as Exhibit B.

57.     The mailing of Individual Notice to potential members of both the First Nationwide Class and the Nationwide Settlement Class will include a copy of the Claim Form in the form attached hereto as Exhibit C.

58.     If any Individual Notice and/or Claim Form mailed to any potential Class Member or Settlement Class Member in accordance with the procedure set forth above is returned to the Claims Administrator as undeliverable, then the Claims Administrator within

Class Counsel _____       18       Counsel for Nationwide _____

fourteen (14) business days shall attempt to determine a valid address for such Class Member or Settlement Class Member through the National Change of Address database and mail the Individual Notice to any valid address that is found for the Class Member or Settlement Class Member. The Claims Administrator will promptly log each Individual Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Nationwide and Class Counsel as requested.

**B.      Objections.**

59.      Class Members and Settlement Class Members who choose to object to the Stipulation Of Settlement must file written notices of intent to object. Any Class Member or Settlement Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Stipulation Of Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Stipulation Of Settlement must be exercised individually by an individual Class Member or Settlement Class Member, not as a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member or Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

60.      To be effective, a notice of intent to object to the Stipulation Of Settlement must:

     a)  Contain a heading that includes the name of the case and case number;

     b)  Provide the name, address, telephone number and signature of the Class Member or Settlement Class Member filing the objection;

     c)  If available, provide the Nationwide policy and/or claim number, and date of loss for the claim at issue for the objector;

     d)  Be filed with the Clerk of Court at least fifteen (15) days prior to the Fairness Hearing;

Class Counsel                     19                    Counsel for Nationwide

e) Be served on Class Counsel and counsel for Nationwide by first-class mail, postmarked at least fifteen (15) days prior to the Fairness Hearing;

f) Contain the name, address, bar number and telephone number of the objecting Class Member's or Settlement Class Member's counsel, if represented by an attorney. If the Class Member or Settlement Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for file pleadings and documents in this Court; and

g) State whether the objector intends to appear at the Fairness Hearing, either in person or through counsel.

61.    In addition to the foregoing, a notice of intent to object must contain the following information, if the Class Member, Settlement Class Member, or his/her or its attorney requests permission to speak at the Fairness Hearing:

a) A detailed statement of the specific legal and factual basis for each and every objection; and

b) A detailed description of any and all evidence the objector may offer at the Fairness Hearing, including photocopies of any and all exhibits which the objector may introduce at the Fairness Hearing.

62.    Any Class Member or Settlement Class Member who does not file a timely notice of intent to object in accordance with this Section waives the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to this Stipulation Of Settlement. Class Members or Settlement Class Members who object to the Stipulation Of Settlement shall remain Class Members or Settlement Class Members, and have voluntarily waived their rights to pursue an independent remedy against Nationwide and, if the Stipulation Of Settlement is approved, will have their claims released and shall be forever bound by the Court's Final Judgment. To the extent any Class Members or Settlement Class Members object to the Stipulation Of Settlement, and such objection is overruled in whole or in part, such Class Members and Settlement Class Members will have their claims released and shall be forever bound by the Court's Final Judgment.

Class Counsel _____          20          Counsel for Nationwide _____

### VII.   COMMUNICATIONS WITH THE CLASS

63.    The Individual Notice shall list Class Counsel's addresses.   Other than as provided for in this Stipulation Of Settlement, communications relating to the Action or this Stipulation Of Settlement with potential Class Members or Settlement Class Members receiving Individual Notice shall be handled through Class Counsel.   Nothing in the Stipulation shall be construed to prevent Nationwide, its employees, agents or representatives from communicating with Class Members and Settlement Class Members ·in the normal course of its business operations.

### VIII.  SUBMISSION OF STIPULATION OF SETTLEMENT TO COURT FOR PRELIMINARY AND FINAL APPROVAL

64.    As soon as practicable, but no later than thirty (30) days, following execution of this Stipulation Of Settlement, Class Counsel shall apply to the Court for entry of an order (in the form attached hereto as Exhibit D) granting Preliminary Approval of this Stipulation Of Settlement.

65.    If Preliminary Approval is granted, no later than·five (5) days before the Fairness Hearing, Class Counsel shall apply to the Court for final approval of the Stipulation Of Settlement and for entry of Final Judgment in the form attached hereto as Exhibit E.   At the same time, Class Counsel shall also file with the Court a list of the Persons who properly and timely excluded themselves from the First Nationwide Class and from the Nationwide Settlement Class.

### IX.   CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF STIPULATION

66.    The Named Plaintiffs, Class Members, and Nationwide consent to the entry of a Final Judgment in the form attached as Exhibit E, without material alteration.

67.    Within fourteen (14) business days after notice of the occurrence of any of the following events, the parties to this Stipulation Of Settlement shall have the right, exercisable at

Class Counsel _____          21          Counsel for Nationwide _____

their sole discretion, to terminate the Stipulation Of Settlement by delivering written notification

of such election to the other party if:

> a) The Court, or any appellate court(s), rejects, denies approval, disapproves, or materially modifies the Stipulation Of Settlement or any portion of this Stipulation Of Settlement, including, but not limited to, the terms of the First Nationwide Class and/or the Nationwide Settlement Class relief, the provisions relating to notice, the definition of the First Nationwide Class and/or the Nationwide Settlement Class, and to the Released Claims;

> b) The Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Stipulation Of Settlement, the Court's Preliminary Approval of the Stipulation Of Settlement, or the Court's Final Judgment that is material;

> c) The number of Persons who exclude themselves (opt-out) from the Nationwide Settlement Class by filing timely Requests for Exclusion equals or exceeds 1,403;

> d) Any action asserting Released Claims (other than by Class Members or Settlement Class Members who submit a valid exclusion request form) is allowed to be prosecuted by another court, notwithstanding this Stipulation Of Settlement and the orders provided for herein; or

> e) Any material financial obligation is imposed upon Nationwide in addition to and/or greater than those specifically accepted by Nationwide in this Stipulation Of Settlement.

68.    The option to withdraw from and terminate this Stipulation Of Settlement under

this Section must be exercised no later than fourteen (14) business days after occurrence of the

event prompting the right to terminate.

69.    If the Stipulation Of Settlement shall fail for any reason other than a breach by

one of the parties:

> a) This Stipulation Of Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Stipulation Of Settlement shall be without prejudice to the rights and contentions of the parties hereto and any of the putative Class Members or putative Settlement Class Members;

> b) This Stipulation Of Settlement, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of any of the parties, each of whom shall be restored to their respective positions existing

Class Counsel _____          22          Counsel for Nationwide _____

immediately before settlement negotiations and the execution of this Stipulation Of Settlement;

c)  This Stipulation Of Settlement, any provision of this Stipulation Of Settlement (including without limitation provisions regarding class certification), and the fact of this Stipulation Of Settlement having been made, shall not be admissible or entered into evidence for any purpose whatsoever;

d)  Any judgment or order entered after the date of this Stipulation Of Settlement, including, without limitation, any order certifying the Nationwide Settlement Class, will be vacated and will be without any force or effect. The parties hereto agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Stipulation Of Settlement and;

e)  The parties hereby agree that they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Stipulation Of Settlement and related pleadings and filings, any provision of this Stipulation Of Settlement (including without limitation the provisions regarding class certification), the fact of this Stipulation Of Settlement having been made, and any settlement negotiations preclude Nationwide from opposing certification or the claims in the Action or any other proceeding.

70.    Upon the preliminary approval of this Stipulation Of Settlement by the Court, as evidenced by the Court's Preliminary Approval of the Stipulation Of Settlement, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Stipulation Of Settlement or to comply with or effectuate the terms of this Stipulation Of Settlement.

71.    In the event that any of the events or conditions described above are not met or do not occur, this entire Stipulation Of Settlement shall become null and void, except that the parties shall have the option to agree in writing to waive the event or condition and proceed with this Stipulation Of Settlement, in which case the Effective Date shall be deemed to have occurred on the date of said written agreement, or a date otherwise specified in said written agreement.

Class Counsel                                    23                Counsel for Nationwide

## X.   REPRESENTATION OF OPT OUTS

72.   Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to the other counsel, of or to any person seeking exclusion from the Nationwide Settlement Class or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class from this Stipulation Of Settlement, could place Class Counsel in an untenable conflict of interest with the Class Members and/or Settlement Class Members. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit, or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any person in requesting exclusion from the Nationwide Settlement Class, except that referring such person to the Individual Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision. Additionally, Class Counsel and their respective firms agree (only to the extent that it otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any person who requests exclusion from the Nationwide Settlement Class, or seeks to represent any form of opt-out class from this Stipulation Of Settlement, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims, except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

## XI.   CONFIDENTIALITY AGREEMENT

73.   The following constitutes highly confidential and proprietary business information of Nationwide (the "Proprietary Information"):  (a) the names, addresses, policy

Class Counsel ____        24        Counsel for Nationwide ____

number, and other data concerning Class Members and Settlement Class Members compiled by Nationwide in effectuating the this Stipulation Of Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Nationwide for its other obligations under the Stipulation Of Settlement. The confidentiality of all Proprietary Information shall be protected from disclosure by Class Counsel to any persons other than those described below.

74.    No person(s) other than Nationwide's counsel and clerical/administrative personnel employed by Nationwide, Class Counsel, and clerical/administrative personnel employed by the Class Counsel, the Claim's Administrator and such other persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Proprietary Information.

75.    Within thirty (30) days after the Effective Date, Class Counsel shall return to Nationwide all Proprietary Information and copies thereof in their possession, custody, or control. Within forty-five (45) days after the Effective Date, Class Counsel shall deliver a letter to Nationwide confirming their compliance with this paragraph. In the event that any Proprietary Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Proprietary Information and/or documents.

76.    Until the Fairness Hearing, neither Class Counsel nor the Named Plaintiffs shall make any statements in the media or to any other Person about the Stipulation Of Settlement, except to refer the Person, or media inquiries, to the public Court record or through a release mutually agreed upon by the parties. Class Counsel may respond to inquiries from Class Members or Settlement Class Members.

Class Counsel _____            25            Counsel for Nationwide _____

77.     Paragraphs 73 through 76 are material provisions of the agreement stated herein. In the event that any of those provisions is stricken or modified by the Court, either party may terminate the Stipulation Of Settlement.

## XII.   DISMISSAL OF ACTION, RELEASES AND COVENANTS NOT TO SUE

78.     Upon the Court's final approval of this Stipulation Of Settlement, the Final Judgment shall be entered providing for the dismissal of the Action, with prejudice and without leave to amend, and the release by the Named Plaintiffs, the Class Members and the Settlement Class Members of all Released Claims against the Released Persons.

79.     As of the Effective Date, by operation of the entry of the Final Judgment, each Class Member and Settlement Class Member (who has not filed a valid request for exclusion), automatically, upon final approval of the Stipulation Of Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Persons from the Released Claims, to the fullest extent possible by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Persons relating in any way whatsoever to the Released Claims, except that the parties will not be released from their obligations to carry out the terms of this Stipulation Of Settlement.   ·

80.     Each Class Member and Settlement Class member shall be deemed to have expressly waived any and all unknown claims relating to any matter covered by this Stipulation. The Releasing Parties expressly waive all rights under any Ohio law, or law of the state in which their policy was issued, which potentially could limit the scope of a general release.

## XIII. DENIAL OF LIABILITY

81.     Were it not for this Stipulation Of Settlement, Nationwide would have contested each and every claim in the Action.  Nationwide maintains that it has consistently acted in accordance with governing laws at all times.  Nationwide denies all the material allegations set

Class Counsel ⟋⟍          26          Counsel for Nationwide ⟋⟍⟍⟋⟍

forth in the Action. Nationwide nonetheless has concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in the Stipulation Of Settlement. Nationwide reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing the protracted and complex litigation, and the desire of Nationwide to conduct its business unhampered by the distractions of continued litigation.

82. As a result of the foregoing, Nationwide enters into this Stipulation Of Settlement without any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation Of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Nationwide of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Nationwide.

83. To the extent permitted by law, neither this Stipulation Of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Nationwide, except in any proceedings brought to enforce the Stipulation Of Settlement and except that Nationwide may file the Stipulation Of Settlement in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Class Counsel /⎯          27          Counsel for Nationwide  /MM⎯

84.     Neither this Stipulation Of Settlement, nor any pleading or other paper related in any way to the Stipulation Of Settlement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Stipulation Of Settlement, shall be deemed an admission by Nationwide that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Nationwide from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Nationwide except as set forth herein.

## XIV.   MISCELLANEOUS PROVISIONS

85.     The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Stipulation Of Settlement, including taking all steps and efforts contemplated by this Stipulation Of Settlement, and any other steps and efforts which may become necessary by the order of the Court or otherwise. The parties hereto further agree to defend this Stipulation Of Settlement against objections made to it or in any appeal of the Final Judgment or collateral attack on the Stipulation Of Settlement or Final Judgment.

86.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation Of Settlement on behalf of their respective clients.

87.     Except as otherwise provided, this Stipulation Of Settlement contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Stipulation Of Settlement are contractual and not more recitals, and shall be construed as if drafted by all parties hereto. The terms of this Stipulation Of Settlement are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the

Class Counsel _____          28          Counsel for Nationwide _____

subject matter hereof through any of the parties hereto, including any Class Member or Settlement Class Member.

88.     This Stipulation Of Settlement may be amended or modified only by a written instrument signed by counsel for all parties hereto.   Amendments and modifications may be made without additional notice to Class Members or Settlement Class Members unless such notice is required by the Court.

89.     This Stipulation Of Settlement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Ohio.

90.     The exhibits to the Stipulation Of Settlement are an integral part of the Stipulation Of Settlement and are hereby incorporated into and made a part of this Stipulation Of Settlement.

91.     To the extent permitted by law, this Stipulation Of Settlement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation Of Settlement.

92.     This Stipulation Of Settlement shall be deemed to have been executed upon the last date of execution by all the undersigned counsel.

93.     This Stipulation Of Settlement may be executed in counterparts, each of which shall constitute an original.

94.     The undersigned parties represent that they are duly authorized to cause this Stipulation Of Settlement to be executed.

95.     The parties will request that the Court retain continuing jurisdiction for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Stipulation Of Settlement.

Class Counsel _____                29                Counsel for Nationwide _____

IN WITNESS HEREOF, the undersigned being duly authorized, have caused this Stipulation Of Settlement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

KABATECK BROWN KELLNER LLP                    CARPENTER LIPPS & LELAND LLP

By: _____               By: _____
    Brian S. Kabateck, Esq.                          Michael H. Carpenter, Esq.

Class Counsel for the                        Counsel for the Nationwide
First Nationwide Class and                    Defendants and the Settlement Class
the Nationwide Settlement Class              Nationwide Defendants

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,  :
                              :   CASE NO. 1:08-cv-00605
            Plaintiffs,       :
                              :   Judge James S. Gwin
vs.                           :
                              :
NATIONWIDE    PROPERTY   AND  :
CASUALTY INSURANCE COMPANY, *et* :
*al.*,                        :
                              :
            Defendants.       :

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY

A SETTLEMENT HAS BEEN PROPOSED THAT MAY AFFECT YOUR RIGHTS. IF YOU
ARE A MEMBER OF THE CLASS DESCRIBED BELOW, YOU MAY BE ENTITLED TO
SHARE IN THE SETTLEMENT FUND

## BASIC INFORMATION

### 1.   WHY DID I GET THIS SETTLEMENT NOTICE?

Nationwide records indicate a vehicle you owned was declared a total loss as the result of an
accident or theft, and you made a claim for rental car benefits between October 2, 1993 and
February 10, 2009 with one of the following companies:  Nationwide Property And Casualty
Insurance Company, Nationwide Insurance Company Of America, Nationwide Mutual Fire
Insurance Company, and Nationwide Mutual Insurance Company (the "Nationwide
Defendants").

You were sent this notice because you have a right to know about a proposed settlement of a
class action lawsuit, and about all of your options, before the Court decides whether to approve
the settlement.  If the Court approves it and after objections and appeals are favorably resolved,
payments will be made to eligible class members pursuant to the terms of the settlement.  This
Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is
eligible for them, and how to get benefits if you are eligible.

Judge James S. Gwin of the United States District Court for the Northern District of Ohio is
overseeing this class action. The lawsuit is known as *Shannon Van Horn, et al. v. Nationwide
Property and Casualty Insurance Company, et al.*, Civil Action No. 1:08CV605.  Judge Gwin

certified the class in this case, and permitted it to proceed as a class action, on February 10, 2009. Accordingly, you may have received a prior notice regarding this lawsuit. Please note that, if you previously submitted a timely request for exclusion from this lawsuit, you are no longer a member of the certified class and are no longer part of the lawsuit.

## 2.   WHAT IS THIS LAWSUIT ABOUT?

In the lawsuit, the Plaintiffs say that Nationwide breached its contract with its policyholders. They claim that Nationwide prematurely terminated the car rental benefits that it owes its policyholders when it makes an "offer" to settle its automobile policyholders' total loss claims. Plaintiffs assert that the insurance policy endorsements that Nationwide issued to plaintiffs and the class do not permit an early termination at the time that an "offer" to settle is made. Nationwide denies Plaintiffs' allegations and contends that it was its policy and practice to terminate rental benefits only consistent with the terms of the policyholders' policies and applicable endorsements.

## 3.   WHY IS THIS A CLASS ACTION?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Shannon Van Horn, Sandra Prosser, Joelle Quade, and Kathleen Carbon) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for all Class Members except those who exclude themselves from the Class. The policyholders who sued – and all the Class Members like them – are called Plaintiffs. The company they sue (in this case Nationwide) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class. The Court previously certified a class on February 10, 2009 and has permitted this case to proceed as a class action against the Nationwide Defendants.

## 4.   WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of either Plaintiffs or Defendants. There was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial and the people affected will get compensation. The Class Representatives and their attorneys think the settlement is best for the Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member and then you must submit a valid claim form.

## 5.   HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

Everyone who fits the following description is in the Class:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Nationwide Defendants that contained a rental reimbursement

endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

Please note, however, that if you previously filed a timely request for exclusion, you are no longer a member of the Class and have no rights under this settlement.

If you are not sure whether you are included, you can get more information at www._____, or you can call or write to the lawyers in this case, at the phone numbers or addresses listed in Paragraph 8 below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

Nationwide has agreed to pay settlement claims for each class member who did not previously opt out of the class, and who submits a valid claim form. Nationwide has agreed to make available up to a maximum of $25,000,000.00 to pay valid settlement claims, attorneys' fees and costs, and enhancement awards to the Class Representatives. Each class member's payment pursuant to the settlement will depend on his or her portion of the total settlement fund.

Specifically, the maximum potential amount payable to each class member under the terms of the settlement will be calculated as follows:

> ($25,000,000.00 minus attorneys' fees and costs awarded to Class Counsel minus class representatives' enhancement awards) divided by 188,011

Each class member's claim will be limited to the class member's available remaining rental benefits with respect to the total loss incident identified in Nationwide's records. The available remaining rental benefits will be calculated as the difference between (a) the applicable policy limit on rental benefits set forth in the applicable endorsement and (b) the rental benefits actually received by each class member from Nationwide. Where the available remaining rental benefits are less than the maximum potential amount, class members submitting a valid claim form will receive the lesser amount.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**6.     HOW CAN I GET A PAYMENT?**

To qualify for payment, you must fit the description of a class member and send in a valid claim form. A claim form is attached to this Notice. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than [Insert Date].

3

All sections of the claim form must be completed. Class Members who fail to complete the claim form in its entirety are not entitled to receive a payment under the terms of the settlement.

## 7.    WHEN WOULD I GET MY PAYMENT?

The Court will hold a hearing on **[Insert Date]** to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If that happens, please be patient.

## THE LAWYERS REPRESENTING YOU

## 8.    DO I HAVE A LAWYER IN THIS CASE?

The Court decided that the lawyers and law firms listed below are qualified to represent you and all Class Members:

**KABATECK BROWN KELLNER LLP**
Brian S. Kabateck (admitted pro hac vice)
Richard L. Kellner (admitted pro hac vice)
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000 (Tel)/(213) 217-5010 (Fax)

**FEAZELL & TIGHE LLP**
Austin Tighe (admitted pro hac vice)
6300 Bridgepoint Parkway, Suite 220
Austin, Texas 78730
(512) 372-8100 (Tel)/(512) 372-8140 (Fax)

**KISLING, NESTICO & REDICK LLC**
Alberto R. Nestico
W. Market Street, Suite 300
Akron, Ohio 44333
(330) 869-9007 (Tel)/(330) 869-9008 (Fax)

Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other insurance companies. More information about these law firms, their practice, and their lawyers' experience is available at www.kbklawyers.com, www.knrlegal.com, and www.feazell-tighe.com.

## 9.    SHOULD I GET MY OWN LAWYER?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 10.   HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for attorneys' fees and costs up to $6,250,000.00. Nationwide has agreed not to oppose a request for fees and costs up to this amount. The Court may award

less than these amounts.  The amount of attorneys' fees and expenses awarded by the Court will have the effect of reducing the amounts paid to Class Members under the settlement.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court if you do not agree with the settlement or some part of it.

## 11.    HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter containing the following information:

     a)   A heading that identifies the case as <u>Van Horn v. Nationwide Property And Casualty Insurance Company, et al.</u>, Case No. 1:08-cv-00605;

     b)   Your name, address, telephone number and signature;

     c)   If available, the Nationwide policy and/or claim number, and date of loss for the claim at issue;

     d)   The reasons you are objecting to the settlement;

     e)   Whether you intend to appear at the Fairness Hearing, either in person or through counsel; and

     f)   The name, address, bar number and telephone number of your counsel, if represented by an attorney (if you are represented by an attorney, your attorney must comply with all applicable laws and rules for filing of documents with the Court).

Mail the objection to these three different places postmarked no later than **[Insert Date]**:

                   **THE COURT**
                   Clerk of the Court, Department 18A
                   U.S. District Court, Northern District of Ohio
                   801 West Superior Avenue
                   Cleveland, Ohio 44113

                   **CLASS COUNSEL**
                   Brian S. Kabateck
                   Kabateck Brown Kellner LLP
                   644 South Figueroa Street
                   Los Angeles, California 90017

                   **DEFENSE COUNSEL**
                   Michael H. Carpenter

5

Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

Any Class Member who does not file objections in accordance with the requirements stated in this Notice waives the right to object or to be heard at the Fairness Hearing discussed below.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement and Class Counsel's request for an award of attorneys' fees and expenses, as well as enhancement awards for the Class Representatives. You may attend and you may ask to speak, but you don't have to.

**12.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Fairness Hearing at **[Insert Time]** on **[Insert Date]** at the Carl B. Stokes United States Court House, Courtroom __, 801 West Superior Avenue, Cleveland, Ohio 44113. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate to the Class. The Court will also consider Class Counsel's request for an award of attorneys' fees and expenses, and Class Counsel's request for an enhancement award for each of the Class Representatives. The Court will consider any objections made according to the procedures described above. The Court will also listen to anyone at the hearing who followed the procedure described below.

After the hearing, the Court will decide whether to approve the settlement, how much to award Class Counsel in attorneys' fees and costs, and how much to award the Class Representatives as enhancement awards. It is not known how long these decisions will take.

**13.    DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and in accordance with the instructions in this Notice, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**14.    MAY I SPEAK AT THE HEARING?**

If you are a Class Member, and did not previously file a timely request to be excluded from the Class, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must indicate in the letter setting forth your objections that you intend to appear at the Fairness Hearing. In addition to the requirements listed in Paragraph 11 above, you must also provide in the letter a detailed statement of the specific legal and factual basis for each and every objection, and a detailed description of any and all evidence you may offer at the Fairness Hearing,

including photocopies of any and all exhibits which you may introduce at the Fairness Hearing. Be sure to include your name, address, telephone number and your signature.

Your letter must be postmarked no later than [INSERT DATE] and be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses set forth above.

## IF YOU DO NOTHING

**15. WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will get no money from this settlement.

Furthermore, the settlement is intended to settle all claims covered by the release in the settlement agreement, including but not limited to, all claims that class members have arising out of or referring or relating in any way to rental car reimbursement coverage or benefits provided, denied or available to Class Members from October 2, 1993 through February 10, 2009 under any applicable insurance policy or endorsement issued by the Nationwide Defendants. Upon approval of the settlement by the Court, you will be deemed to have entered into the release in the settlement agreement, whether or not you submit a claim form and whether or not you receive any payment under the settlement.

## GETTING MORE INFORMATION

**16. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

This notice summarizes the proposed settlement. More details are in a Stipulation Of Settlement. You can get a copy of the Stipulation Of Settlement and other documents regarding this lawsuit by visiting the website www._____. You may also call or write to one of the Class Counsel. Please do not call or write to the Court, Nationwide or Nationwide's counsel for more information about the proposed settlement in this lawsuit.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,      :
      :  CASE NO. 1:08-cv-00605
         Plaintiffs,     :
      :  Judge James S. Gwin
vs.       :
      :
NATIONWIDE   PROPERTY    AND : 
CASUALTY INSURANCE COMPANY, *et* :
*al.*,       :
      :
         Defendants.     :

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY

A SETTLEMENT HAS BEEN PROPOSED THAT MAY AFFECT YOUR RIGHTS. IF YOU
ARE A MEMBER OF THE CLASS DESCRIBED BELOW, YOU MAY BE ENTITLED TO
SHARE IN THE SETTLEMENT FUND

## BASIC INFORMATION

**1. WHY DID I GET THIS SETTLEMENT NOTICE?**

Nationwide records indicate a vehicle you owned was declared a total loss as the result of an
accident or theft, and you made a claim for rental car benefits between October 2, 1993 and
February 10, 2009 with one of the following companies: Colonial County Mutual Insurance
Company, Nationwide Affinity Insurance Company of America, Nationwide Assurance
Company, Nationwide General Insurance Company, Titan Indemnity Company, Titan Insurance
Company, Victoria Automobile Insurance Company, Victoria Fire and Casualty Company,
Victoria National Insurance Company, Victoria Select Insurance Company, and Victoria
Specialty Insurance Company (the "Settlement Class Nationwide Defendants").

You were sent this notice because you have a right to know about a proposed settlement of a
class action lawsuit, and about all of your options, before the Court decides whether to approve
the settlement. If the Court approves it and after objections and appeals are favorably resolved,
payments will be made to eligible class members pursuant to the terms of the settlement. This
Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is
eligible for them, and how to get benefits if you are eligible.

Judge James S. Gwin of the United States District Court for the Northern District of Ohio is overseeing this class action. The lawsuit is known as *Shannon Van Horn, et al. v. Nationwide Property and Casualty Insurance Company, et al.*, Civil Action No. 1:08CV605.

## 2.   WHAT IS THIS LAWSUIT ABOUT?

In the lawsuit, the Plaintiffs say that Nationwide breached its contract with its policyholders. They claim that Nationwide prematurely terminated the car rental benefits that it owes its policyholders when it makes an "offer" to settle its automobile policyholders' total loss claims. Plaintiffs assert that the insurance policy endorsements that Nationwide issued to plaintiffs and the class do not permit an early termination at the time that an "offer" to settle is made. Nationwide denies Plaintiffs' allegations and contends that it was its policy and practice to terminate rental benefits only consistent with the terms of the policyholders' policies and applicable endorsements.

## 3.   WHY IS THIS A CLASS ACTION?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Shannon Van Horn, Sandra Prosser, Joelle Quade, and Kathleen Carbon) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for all Class Members except those who exclude themselves from the Class. The policyholders who sued – and all the Class Members like them – are called Plaintiffs. The company they sue (in this case Nationwide) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class. The Court has permitted this case to proceed as a class action against the companies listed in Paragraph 1 for purposes of this settlement.

## 4.   WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of either Plaintiffs or Defendants. There was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial and the people affected will get compensation. The Class Representatives and their attorneys think the settlement is best for the Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member and then you must submit a valid claim form.

## 5.   HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

Everyone who fits the following description is in the Settlement Class:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Settlement Class Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination

provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

If you are not sure whether you are included, you can get free help at www._____, or by calling or writing to the lawyers in this case, at the phone numbers or addresses listed in question 12 below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

Nationwide has agreed to pay settlement claims for each class member who does not opt out of the Settlement Class and who submits a valid claim form. Nationwide has agreed to make available up to a maximum of $2,651,288.83 to pay valid settlement claims and attorneys' fees and costs. Each class member's payment pursuant to the settlement will depend on his or her portion of the total settlement fund.

Specifically, the maximum potential amount payable to each class member under the terms of the settlement will be calculated as follows:

> ($2,651,288.83 minus attorneys' fees and costs awarded to Class Counsel) divided by (19,939 minus number of valid and timely filed opt-outs from the Settlement Class)

Each class member's claim will be limited to the class member's available remaining rental benefits with respect to the total loss incident identified in Nationwide's records. The available remaining rental benefits will be calculated as the difference between (a) the applicable policy limit on rental benefits set forth in the applicable endorsement and (b) the rental benefits actually received by each class member from Nationwide. Where the available remaining rental benefits are less than the maximum potential amount, class members submitting a valid claim form will receive the lesser amount.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**6.   HOW CAN I GET A PAYMENT?**

To qualify for payment, you must fit the description of a settlement class member and send in a valid claim form. A claim form is attached to this Notice. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than [Insert Date].

All sections of the claim form must be completed. Class Members who fail to complete the claim form in its entirety are not entitled to receive a payment under the terms of the settlement.

3

**7.     WHEN WOULD I GET MY PAYMENT?**

The Court will hold a hearing on **[Insert Date]** to decide whether to approve the settlement.  If the Court approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  If that happens, please be patient.

**8.     WHAT AM I GIVING UP TO GET A PAYMENT OR STAY IN THE CLASS?**

Unless you exclude yourself, you are staying in the class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Nationwide about the factual and legal issues in this case.  It also means that all of the Court's orders in this case will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Nationwide on your own about the same legal issues in this case, then you must take steps to get out.  This is called "excluding yourself" – or is sometimes referred to as "opting out" of the class.

**9.     HOW DO I GET OUT OF THE SETTLEMENT?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from this case.  A request for exclusion form is attached to this Notice that you may use for this purpose.  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than **[Insert Date]** to:

                    **[Insert Address]**

Failure to comply with any of these requirements may result in your request for exclusion being declared invalid.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Nationwide in the future.

**10.    IF I DON'T EXCLUDE MYSELF, CAN I SUE NATIONWIDE FOR THE SAME THING LATER?**

No.  Unless you exclude yourself, you give up the right to sue Nationwide for the claims that this settlement resolves.  **If you have a pending lawsuit against Nationwide, speak to your lawyer in that case immediately.**  You must exclude yourself from this Class to continue your own lawsuit if it involves the same issues.  Remember, the exclusion deadline is **[Insert Date]**

4

The proposed settlement is intended to settle all claims covered by the release in the proposed settlement agreement, including but not limited to, all claims that settlement class members have arising out of or referring or relating in any way to rental car reimbursement coverage or benefits provided, denied or available to Class Members from October 2, 1993 through February 10, 2009 under any applicable insurance policy or endorsement issued by the Settlement Class Nationwide Defendants.

If you do not exclude yourself from the Settlement Class following the procedures within this Notice, you will be deemed to have entered into the release in the settlement agreement, whether or not you submit a claim form and whether or not you receive any payment under the settlement.

## 11.    IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Nationwide on the same issues.

## THE LAWYERS REPRESENTING YOU

## 12.    DO I HAVE A LAWYER IN THIS CASE?

The Court decided that the lawyers and law firms listed below are qualified to represent you and all Class Members:

**KABATECK BROWN KELLNER LLP**
Brian S. Kabateck (admitted pro hac vice)
Richard L. Kellner (admitted pro hac vice)
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000 (Tel)/(213) 217-5010 (Fax)

**FEAZELL & TIGHE LLP**
Austin Tighe (admitted pro hac vice)
6300 Bridgepoint Parkway, Suite 220
Austin, Texas 78730
(512) 372-8100 (Tel)/(512) 372-8140 (Fax)

**KISLING, NESTICO & REDICK LLC**
Alberto R. Nestico
W. Market Street, Suite 300
Akron, Ohio 44333
(330) 869-9007 (Tel)/(330) 869-9008 (Fax)

Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other insurance companies. More information about these law firms, their practice, and their lawyers' experience is available at www.kbklawyers.com, www.knrlegal.com, and www.feazell-tighe.com.

## 13.    SHOULD I GET MY OWN LAWYER?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**14.   HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court for attorneys' fees and costs up to **[Insert Amount]**. Nationwide has agreed not to oppose a request for fees and costs up to this amount. The Court may award less than these amounts. The amount of attorneys' fees and expenses awarded by the Court will have the effect of reducing the amounts paid to Class Members under the settlement.

<u>**OBJECTING TO THE SETTLEMENT**</u>

You can tell the Court if you do not agree with the settlement or some part of it.

**15.   HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider you views. To object, you must send a letter containing the following information:

   a)  A heading that identifies the case as <u>Van Horn v. Nationwide Property And Casualty Insurance Company, et al.</u>, Case No. 1:08-cv-00605;

   b)  Your name, address, telephone number and signature;

   c)  If available, the Nationwide policy and/or claim number, and date of loss for the claim at issue;

   d)  The reasons you are objecting to the settlement;

   e)  Whether you intend to appear at the Fairness Hearing, either in person or through counsel; and

   f)  The name, address, bar number and telephone number of your counsel, if represented by an attorney (if you are represented by an attorney, your attorney must comply with all applicable laws and rules for filing of documents with the Court).

Mail the objection to these three different places postmarked no later than **[Insert Date]**:

**THE COURT**
Clerk of the Court, Department 18A
U.S. District Court, Northern District of Ohio
801 West Superior Avenue
Cleveland, Ohio 44113

**CLASS COUNSEL**
Brian S. Kabateck
Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017

**DEFENSE COUNSEL**
Michael H. Carpenter
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

Any Class Member who does not file objections in accordance with the requirements stated in this Notice waives the right to object or to be heard at the Fairness Hearing discussed below.

## 16.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement and Class Counsel's request for an award of attorneys' fees and expenses. You may attend and you may ask to speak, but you don't have to.

## 17.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at **[Insert Time]** on **[Insert Date]** at the Carl B. Stokes United States Court House, Courtroom __, 801 West Superior Avenue, Cleveland, Ohio 44113. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate to the Class and Class Counsel's request for an award of attorneys' fees and expenses. The Court will consider any objections made according to the procedures described above. The Court will also listen to anyone at the hearing who followed the procedure described below.

After the hearing, the Court will decide whether to approve the settlement and how much to award Class Counsel in attorneys' fees and costs. It is not known how long these decisions will take.

## 18.   DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and in accordance with the instructions in this Notice, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**19.   MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must indicate in the letter setting forth your objections that you intend to appear at the Fairness Hearing.  In addition to the requirements listed in Paragraph 15 above, you must also provide in the letter a detailed statement of the specific legal and factual basis for each and every objection, and a detailed description of any and all evidence you may offer at the Fairness Hearing, including photocopies of any and all exhibits which you may introduce at the Fairness Hearing.  Be sure to include your name, address, telephone number and your signature.

Your letter must be postmarked no later than **[INSERT DATE]** and be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses set forth above.  You cannot speak at the hearing if you excluded yourself.

**IF YOU DO NOTHING**

**20.   WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will get no money from this settlement.

But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Nationwide about the legal issues in this case ever again.

**GETTING MORE INFORMATION**

**21.   ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

This notice summarizes the proposed settlement.  More details are in a Stipulation Of Settlement.  You can get a copy of the Stipulation Of Settlement and other documents regarding this lawsuit by visiting the website www._____.   You may also call or write to one of the Class Counsel.  Please do not call or write to the Court, Nationwide or Nationwide's counsel for more information about the proposed settlement in this lawsuit.

_____ _____, 2009

**[Insert Address]**

      **Re:**     *Van Horn, et al. v. Nationwide Property & Casualty Insurance Co., et al.*
                **No.: 1:08CV605**

           **Request for Exclusion from Nationwide Settlement Class**

To Whom It May Concern:

    I would like to be excluded as a class member from the above-referenced class action. My name, address, and telephone number are below:

_____

_____

_____

_____

_____

                 Sincerely,

                 _____

# EXHIBIT C

## CLAIM FORM
## VAN HORN V. NATIONWIDE CLASS ACTION SETTLEMENT

You are receiving this claim form because Nationwide records indicate a vehicle you owned was declared a total loss as the result of an accident or theft during the time period October 2, 1993 to February 10, 2009, and you made a claim for rental vehicle benefits with your Nationwide insurer. Your claim may be part of the litigation and proposed settlement described in the Notice that was sent along with this form.

If you are determined to be a Class Member and you return a valid claim form, you may be entitled to a settlement payment. If you wish to be considered for a payment under this settlement, you must complete, sign, and date this Claim Form, and mail it to the address listed below with a post-mark no later than **[insert date]. If you do not submit a timely valid claim form, you will receive no payment from the settlement.**

Please answer the following questions under oath to the best of your knowledge. **You must answer, to the best of your ability, all these questions in order to be eligible to recover. Except as noted below, failure to respond to any question may preclude you from receiving a settlement payment.**

Please do not call or write to the Court, Nationwide or Nationwide's counsel with questions about completing this Claim Form. You can obtain information and documents regarding the settlement and this lawsuit by visiting the website www._____ or calling 1-800-_____ for the Claims Administrator. You may also call or write to one of the Class Counsel.

### PART 1:  Contact Information

Last Name

First Name:

Street Address

City

State

Zip Code

Phone

**PART 2:  Questions Regarding Eligibility To Participate In Settlement**

1.    At any time between October 2, 1993 and February 10, 2009, did you have a vehicle insured with a Nationwide company listed below?

Yes ◯     No ◯

| Nationwide Companies | |
|---|---|
| Nationwide Property and Casualty Insurance Company | Nationwide Insurance Company Of America |
| Nationwide Mutual Fire Insurance Company | Nationwide Mutual Insurance Company |
| Colonial County Mutual Insurance Company | Nationwide Affinity Insurance Company of America |
| Nationwide Assurance Company | Nationwide General Insurance Company |
| Titan Indemnity Company | Titan Insurance Company |
| Victoria Automobile Insurance Company | Victoria Fire and Casualty Company |
| Victoria National Insurance Company | Victoria Select Insurance Company |
| Victoria Specialty Insurance Company | |

2.    At any time between October 2, 1993 and February 10, 2009, did a Nationwide company declare your vehicle to be a "total loss" as a result of an accident or theft?

Yes ◯     No ◯

3.    If you answered "Yes" to Question No. 2, identify the Nationwide company through whom you insured the vehicle subject to a total loss during the time period of October 2, 1993 to February 10, 2009:

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

4.    To the best of your recollection, please provide the approximate date of the accident/theft:

Month          Year

5.    Did you receive coverage for your rental vehicle from your Nationwide insurer?

Yes ◯     No ◯

6.    Did you return your rental vehicle before Nationwide communicated to you the date on which your car rental vehicle benefits would terminate?

Yes ◯     No ◯

7.    Before agreeing to a settlement offer for the total loss of your vehicle, did you receive a communication from your Nationwide insurer that offered a settlement, and set a date for termination of car rental benefits that was sooner than the number of days of rental vehicle coverage described in your policy; and that was not conditioned on reaching a settlement before the termination of rental vehicle benefits?

Yes ◯     No ◯

8.    With the exception of this lawsuit, have you ever filed or participated in any lawsuit (either as a plaintiff or as a member of a class) relating to the accident or theft of your vehicle, and in which you challenged the amount of rental benefits you received under your automobile policy with your Nationwide insurer?

Yes ◯     No ◯

9.    If you answered "Yes," to Question No. 8, did the settlement of that lawsuit include a release of rental vehicle benefits and/or other claims against your Nationwide insurer?

Yes ◯     No ◯

10.   To the extent the information is available to you, please provide the following information with respect to the total loss incident. *It is understood that many class members may not have this information readily available, and the failure to provide this information will not affect your entitlement to be paid.*

(a) the policy number for your insurance policy:

◯   I cannot find the policy number.

◯   The policy number is:

[grid of empty boxes]

(b)    the endorsement number which provided for rental vehicle benefits:

◯ I cannot find the endorsement number.

◯ The endorsement number is:

[grid of empty boxes]

## PART 3: Release.

As part of this settlement, and as explained in more detail in the Notice accompanying this Claim Form, class members are releasing the following companies:

> Nationwide Property And Casualty Insurance Company, Nationwide Insurance Company Of America, Nationwide Mutual Fire Insurance Company, and Nationwide Mutual Insurance Company, Colonial County Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Titan Indemnity Company, Titan Insurance Company, Victoria Automobile Insurance Company, Victoria Fire and Casualty Company, Victoria National Insurance Company, Victoria Select Insurance Company, and Victoria Specialty Insurance Company

from any and all liability for the following claims:

> Any and all claims, causes of action, demands, rights or liabilities for damages, in contract, in tort, under any statute or regulation, and/or derived directly or indirectly from any statute, or claims under federal, state, local or other laws, including, but not limited to claims for extra-contractual damages, exemplary (punitive) damages, policy or premium proceeds, consequential losses or damages, interest, equitable relief, declaratory relief, injunctive relief (however described or defined), known or unknown, fixed or contingent, that the Named Plaintiffs, the Class Members and/or the Settlement Class Members now have asserted, could have asserted, or may in the future assert <u>and</u> referring or relating in any way to rental car reimbursement coverage or benefits provided, denied or available to Class Members and Settlement Class Members during the Class Period under any Nationwide insurance policy or endorsement. The Released Claims include, but are not limited to:

> (a) the release of all matters alleged in the Second Amended Complaint, including but not limited to the actions pleaded therein, and to be pleaded

therein in the contemplated amendment to the Second Amended Complaint; and

(b) the release and waiver of any and all rights under the California Civil Code section 1542 (and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code), which reads as follows: **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

## PART 4: Sign And Date Your Claim Form.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that I have read this Claim Form and all of the information on this Claim Form is true and correct to the best of my knowledge.

Print Name _____        Date _____

Signature _____

## PART 5: Mail Your Claim Form

Claim forms must be postmarked by **[insert date]** and mailed to:

**[insert address]**

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,  :
                             :  CASE NO. 1:08-cv-00605
              Plaintiffs,    :
                             :  Judge James S. Gwin
vs.                          :
                             :
NATIONWIDE PROPERTY AND      :
CASUALTY INSURANCE COMPANY, *et* :
*al.*,                       :
                             :
              Defendants.    :

## ORDER GRANTING PRELIMINARY APPROVAL
## OF STIPULATION OF SETTLEMENT

Upon Plaintiffs having made a Motion For Preliminary Approval of a Stipulation Of Settlement, and the Court having read and considered the Motion and the Stipulation Of Settlement,

IT IS ORDERED that:

1.    The Stipulation Of Settlement falls within the range of possible final approval and is hereby preliminarily approved with respect to settlement of both the claims of the class previously certified by this Court on February 10, 2009 (the "First Nationwide Class") and the

prospective class proposed in the Stipulation Of Settlement involving additional Nationwide entities as set forth below.

2.     Plaintiffs are granted leave to file an amended complaint, in the form attached to the Stipulation Of Settlement, amending the Second Amended Complaint to include the following entities as party defendants to this action:

> Colonial County Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Titan Indemnity Company, Titan Insurance Company, Victoria Automobile Insurance Company, Victoria Fire and Casualty Company, Victoria National Insurance Company, Victoria Select Insurance Company, and Victoria Specialty Insurance Company (the "Settlement Class Nationwide Defendants")

Plaintiffs shall file the amended complaint within five (5) business days of this Order.

3.     For purposes of determining whether the terms of the Stipulation Of Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Stipulation Of Settlement being finally approved, a settlement class is conditionally certified, for purposes of this settlement only, as consisting of a class defined as follows:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Settlement Class Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination (the "Nationwide Settlement Class").

4.     The following counsel are designated as counsel for the Nationwide Settlement Class ("Class Counsel"):

Brian S. Kabateck
Richard L. Kellner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017

Austin Tighe
FEAZELL & TIGHE, LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas 78730

Alberto R. Nestico
KISLING, NESTICO AND REDICK LLC
3200 West Market Street, Suite 300
Akron, Ohio 44333

5.     Requests for exclusion from the Nationwide Settlement Class must be made by sending a written request for exclusion to Class Counsel in the form and manner substantially similar to that set forth in the Stipulation Of Settlement. Requests for exclusion may only be exercised individually, by a member of the Nationwide Settlement Class, and not by any other person in a representative capacity.

6.     If final approval of the Stipulation Of Settlement is not obtained, or if final judgment as contemplated in the Stipulation Of Settlement is not granted, this order, including the certification of the Nationwide Settlement Class, shall be vacated ab initio and the parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order.

7.     The Court preliminarily finds that the dissemination of notice to potential members of the First Nationwide Class and the Nationwide Settlement Class under the terms and conditions provided for in the Stipulation Of Settlement constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to

such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

8.      Notice shall be mailed in substantially similar form and manner as set forth in the Stipulation Of Settlement no later than ten (10) business days from the date of this Order. The Court also approves the form and manner of handling of claim forms, objections to the Stipulation Of Settlement, and requests for exclusion from the Nationwide Settlement Class, all as set forth in the Stipulation Of Settlement.

9.      A hearing (the "Fairness Hearing") shall be held on _____ at _____, Courtroom _____ of the United States District Court for the Northern District of Ohio, Eastern Division to determine whether the proposed settlement of this action should be approved as fair, reasonable, and adequate, including whether the conditional certification of the Nationwide Settlement Class should be made final; whether final judgment approving the proposed settlement and dismissing all claims asserted in this action on the merits, with prejudice and without leave to amend, should be entered, whether and in what amount Class Counsel should be awarded attorneys' fees and costs, and whether enhancement awards should be made to the named plaintiffs in this action. Class Counsel shall file their motion seeking final approval no later than five (5) days before the Fairness Hearing.

10.      The Fairness Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the First Nationwide Class or the Nationwide Settlement Class.

11.      Objections to the Stipulation Of Settlement must be made no later than fifteen (15) days prior to the Fairness Hearing in the form and manner set forth in the Stipulation Of Settlement. Objections to the proposed settlement shall be heard, and any papers or briefs

submitted in support of said objections shall be considered, by the Court only if they comply with the objection procedures set forth in the Stipulation Of Settlement and the notices to be provided to the potential members of the First Nationwide Class and the Nationwide Settlement Class. The right to object to the Stipulation Of Settlement must be exercised individually by an individual class member, not as a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not by the act of another person acting or purporting to act in a representative capacity.

12.     Any class member who does not file a timely objection waives the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the Stipulation Of Settlement.

13.     The Court's preliminary approval of the Stipulation Of Settlement is not to be deemed an admission of liability or fault by Nationwide or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Nationwide. The Stipulation Of Settlement is not a concession and shall not be used as an admission of any fault or omission by Nationwide or any other person or entity. Neither the terms or provisions of the Stipulation Of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Nationwide, except in any proceedings brought to enforce the Stipulation Of Settlement and except that Nationwide may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the First Nationwide Class or the Nationwide Settlement Class.

15.     Pending final determination of whether the Stipulation Of Settlement should be approved, all proceedings in this action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Stipulation Of Settlement or to comply with or effectuate the terms of this Order.

16.     Terms not defined herein shall have the meaning set forth in the Stipulation of Settlement.

Dated this _____ day of _____, 2009.

**IT IS SO ORDERED.**

_____
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT COURT

# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,

        Plaintiffs,

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY, *et al.*,

        Defendants.

:
:  CASE NO. 1:08-cv-00605
:
:  Judge James S. Gwin
:
:
:
:
:
:
:
:

## FINAL ORDER AND JUDGMENT

Upon Plaintiffs having made a Motion For Final Approval of a Stipulation Of Settlement, and the Court having conducted a Fairness Hearing on _____,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The Court, for purposes of this Final Order And Judgment ("Final Judgment") adopts the capitalized terms and their definitions set forth in the Stipulation Of Settlement, executed by the parties and filed with the Court on _____.

2.     The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Class Members, the Settlement Class Members, the Nationwide Defendants and the Settlement Class Nationwide Defendants.

3.     The Court hereby grants final approval of the Stipulation Of Settlement and the settlement described therein.  The Court finds that the Stipulation Of Settlement is, in all respects, fair, reasonable and adequate, and in the best interest of the First Nationwide Class and the Nationwide Settlement Class.   Accordingly, the Court directs that the settlement be consummated in accordance with the terms and conditions of the Stipulation Of Settlement.

4.     The Court finds the following Persons to be members of the First Nationwide Class:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when a "total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

A list of the Persons who properly and timely excluded themselves from the First Nationwide Class has been filed with the Court.

5.     The Court finds that the Nationwide Settlement Class is maintainable as a class action for settlement purposes only, and finds the following Persons to be members of the Nationwide Settlement Class:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Settlement Class Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination

> provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

A list of the Persons who properly and timely excluded themselves from the Nationwide Settlement Class has been filed with the Court.

6.   With respect to the Nationwide Settlement Class, the Court finds that, for settlement purposes only, the numerosity, typicality, commonality and adequacy requirements of Federal Rule of Civil Procedure 23(a) are satisfied; that common issues of fact or law predominate in accordance with Federal Rule of Civil Procedure 23(b)(3); that a class action is superior to any other method for the fair and efficient adjudication of this controversy; and certification of the class, for settlement purposes only, is appropriate and in the interest of justice. Accordingly, the Court hereby certifies the Nationwide Settlement Class for the purposes of final approval of the Stipulation Of Settlement.

7.   The Court finds that the best notice practicable under the circumstances of the settlement was directed and provided to members of the First Nationwide Class and the Nationwide Settlement Class, as set forth in this Court's order dated _____ granting preliminary approval of the Stipulation Of Settlement, and in accordance with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8.   It is hereby determined that all Class Members and Settlement Class Members who have not properly and timely elected to be excluded from the First Nationwide Class or the Nationwide Settlement Class, and their respective heirs, executors, administrators, successors, and assigns, and all others claiming by, through or under them are bound by the Stipulation Of

Settlement, and this Final Judgment, and are hereby deemed and adjudged to have discharged any and all Released Claims as against the Nationwide Defendants and the Settlement Class Nationwide Defendants, as set forth in the Stipulation Of Settlement. The Class Members and Settlement Class Members who have not properly and timely elected to be excluded from the First Nationwide Class or the Nationwide Settlement Class are permanently barred and enjoined from instituting, claiming, prosecuting in a judicial forum, either directly or indirectly, including but not limited to any local, state or federal court, agency or other authority or forum, any other action asserting any Released Claim against the Nationwide Defendants or the Settlement Class Nationwide Defendants.

9.      To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the parties and the Court to be res judicata and to prohibit, enjoin and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Named Plaintiffs or any Class Member or Settlement Class Member, with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the Released Claims.

10.     With respect to the First Nationwide Class, the Court hereby approves attorneys' fees and costs in the amount of _____ for Class Counsel. With respect to the Nationwide Settlement Class, the Court hereby approves attorneys' fees and costs in the amount of _____ for Class Counsel. The Court specifically finds that these fees and costs are reasonable in light of the benefit provided to the First Nationwide Class and the Nationwide Settlement Class under the Stipulation Of Settlement.

11.     The Court hereby approves enhancement awards to the Named Plaintiffs as follows: $10,000.00 for Shannon Van Horn; $10,000.00 for Sandra Prosser; $10,000.00 for Joelle Quade; and $10,000.00 for Kathleen Carbon.

12.     The Stipulation Of Settlement and the terms embodied therein are not and shall not be deemed to be an admission of any of the facts or allegations contained in the Plaintiffs' several Complaints or of any violation of law or of damages to any Named Plaintiff or to the First Nationwide Class or the Nationwide Settlement Class.   Neither the Stipulation Of Settlement nor the settlement embodied therein or any related document shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation Of Settlement, the settlement embodied therein, or the terms of this Final Judgment.

13.     In the event that this settlement does not become final in accordance with the terms of the Stipulation Of Settlement, then this Final Judgment shall be rendered and deemed null and void and be vacated and the Stipulation Of Settlement shall be rendered null and void in accordance with the provisions thereof, and without prejudice in any way to the Class Members, the Settlement Class Members, the Nationwide Defendants or the Settlement Class Nationwide Defendants.

14.     Without affecting the finality of this Final Judgment, the Court shall retain continuing jurisdiction over this case for the specific purpose of enabling any person or party subject to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment, for resolution of any disputes or controversies arising with respect to the interpretation

of the Stipulation Of Settlement, and as may otherwise be necessary to preserve the Court's jurisdiction over this matter.

15.    All of the claims in this Action shall be and hereby are DISMISSED with prejudice and without leave to amend.

Dated this _____ day of _____, 2009.


**IT IS SO ORDERED.**


_____
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT COURT

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHANNON VAN HORN
52313 Crum Road
Beallsville, OH 43716

  and,

SANDRA PROSSER
77 South Mill Street, Apt. C
Lexington, OH 44904

  and,

JOELLE QUADE
9822 Struthers
New Middleton, OH 44442

  and,

KATHLEEN CARBON
21 Katherine Street
Struthers, OH 44471,

Individually and on behalf of all
others similarly situated;

      Plaintiffs,

    vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
One Nationwide Plaza
Columbus, OH 43215

  and,

Civil Acton No.: 1:08CV605
HONORABLE JAMES GWIN

**THIRD AMENDED**
**CLASS ACTION COMPLAINT**

(Jury Demand Endorsed Hereon)

NATIONWIDE INSURANCE
COMPANY OF AMERICA
1100 Locust St.
Des Moines, IA  50391

  and,

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY
One Nationwide Plaza
Columbus, OH  43215

  and,

NATIONWIDE MUTUAL INSURANCE
COMPANY
One Nationwide Plaza
Columbus, OH  43215

  and,

COLONIAL COUNTY MUTUAL
INSURANCE COMPANY
11603 West Coker Loop, Suite 100
San Antonio, TX  78216

  and,

NATIONWIDE AFFINITY INSURANCE
COMPANY OF AMERICA
One Nationwide Plaza
Columbus, OH  43215

  and,

NATIONWIDE ASSURANCE
COMPANY
902 Ann Street, Suite A
Madison, WI  53713

  and,

NATIONWIDE GENERAL INSURANCE
COMPANY
One Nationwide Plaza
Columbus, OH  43215

  and,

TITAN INDEMNITY COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH  44124

  and,

TITAN INSURANCE COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH  44124

  and,

VICTORIA AUTOMOBILE
INSURANCE COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH  44124

  and,

VICTORIA FIRE AND CASUALTY
COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH  44124

  and,

VICTORIA NATIONAL INSURANCE
COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH  44124

  and,

VICTORIA SELECT INSURANCE
COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH 44124

  and,

VICTORIA SPECIALTY INSURANCE
COMPANY
5915 Landerbrook Drive
Mayfield Heights, OH 44124

  and,

DOES 1 through 250, inclusive;

      Defendants.

For their Complaint against NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, COLONIAL COUNTY MUTUAL INSURANCE COMPANY, NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, TITAN INDEMNITY COMPANY, TITAN INSURANCE COMPANY, VICTORIA AUTOMOBILE INSURANCE COMPANY, VICTORIA FIRE AND CASUALTY COMPANY, VICTORIA NATIONAL INSURANCE COMPANY, VICTORIA SELECT INSURANCE COMPANY, VICTORIA SPECIALTY INSURANCE COMPANY, and DOES 1 through 250 (collectively "Defendants"), Plaintiffs SHANNON VAN HORN, SANDRA PROSSER, JOELLE QUADE and KATHLEEN CARBON ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1.     This class action arises from Defendants' blanket breach of its automobile policies with Plaintiffs and the Class, by prematurely terminating Defendants' insureds' rights to thirty days' automobile rental benefits when they experience total losses on their cars.

2.     Subject to stated limitations, Plaintiffs' and the Class' automobile policies with Defendants provide that they are entitled to a fully-paid rental car ("car rental benefits") when their vehicle cannot be repaired, for the shorter of thirty days or until a total settlement is agreed to by the claimant.  In other words, Defendants do not have the right to terminate car rental benefits unless and until the insured *agrees* to a Settlement, when his or her vehicle has sustained irreparable damage.

3.     Defendants have a policy and practice of accompanying their settlement offers to their insureds whose automobiles have sustained irreparable damage with notice (oral and/or in writing) that their automobile benefits will terminate at a specified date that is prior to the expiration of 30 days of car rental benefits – *notwithstanding the fact that the insureds have yet to agree to their Settlement claims.*  Defendants breached their insurance contracts with Plaintiffs and the Class by prematurely terminating the car rental benefits *even though the insureds had yet to agree to a Settlement of their automobile claims.*

4.     Defendants' uniform policy and practice of breaching their automobile policies by prematurely terminating car rental benefits has resulted in hundreds of millions of dollars in damages to the Class, and "cost savings" for Defendants.

5.    Plaintiffs seek certification of the following class:

All individuals and entities who: (i) had an automobile policy with one of the Named Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination.

## THE PARTIES

6.    Plaintiff Shannon Van Horn is a resident of Beallsville, Ohio.  Plaintiff Van Horn was insured under an Auto Policy issued by Defendant Nationwide Insurance Company of America during the Class Period in Ohio.

7.    Plaintiff Sandra Prosser is a resident of Lexington, Ohio.  Plaintiff Prosser was insured under an Auto Policy issued by Defendant Nationwide Property and Casualty Insurance Company during the Class Period in Ohio.

8.    Plaintiff Joelle Quade is a resident of New Middleton, Ohio.  Plaintiff Quade was insured under an Auto Policy issued by Defendant Nationwide Mutual Fire Insurance Company during the Class Period in Ohio.

9.     Plaintiff Kathleen Carbon is a resident of Struthers, Ohio. Plaintiff Carbon was insured under an Auto Policy issued by Defendant Nationwide Mutual Insurance Company during the Class Period in Ohio.

10.     Plaintiffs are informed and believe and thereon allege that Defendant Nationwide Property and Casualty Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Columbus, Ohio.

11.     Plaintiffs are informed and believe and thereon allege that defendant Nationwide Insurance Company of America is an insurance company doing business in the State of Iowa. Its company headquarters is located in Des Moines, Iowa.

12.     Plaintiffs are informed and believe and thereon allege that defendant Nationwide Mutual Fire Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Columbus, Ohio.

13.     Plaintiffs are informed and believe and thereon allege that defendant Nationwide Mutual Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Columbus, Ohio.

14.     Plaintiffs are informed and believe and thereon allege that defendant Colonial County Mutual Insurance Company is an insurance company doing business in the State of Texas. Its company headquarters is located in San Antonio, Texas.

15.     Plaintiffs are informed and believe and thereon allege that defendant Nationwide Affinity Insurance Company of America is an insurance company doing business in the State of Ohio. Its company headquarters is located in Columbus, Ohio.

16.　Plaintiffs are informed and believe and thereon allege that defendant Nationwide Assurance Company is an insurance company doing business in the State of Wisconsin. Its company headquarters is located in Madison, Wisconsin.

17.　Plaintiffs are informed and believe and thereon allege that defendant Nationwide General Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Columbus, Ohio.

18.　Plaintiffs are informed and believe and thereon allege that defendant Titan Indemnity Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

19.　Plaintiffs are informed and believe and thereon allege that defendant Titan Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

20.　Plaintiffs are informed and believe and thereon allege that defendant Victoria Automobile Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

21.　Plaintiffs are informed and believe and thereon allege that defendant Victoria Fire and Casualty Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

22.　Plaintiffs are informed and believe and thereon allege that defendant Victoria National Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

23. Plaintiffs are informed and believe and thereon allege that defendant Victoria Select Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

24. Plaintiffs are informed and believe and thereon allege that defendant Victoria Specialty Insurance Company is an insurance company doing business in the State of Ohio. Its company headquarters is located in Mayfield Heights, Ohio.

25. Plaintiffs do not know the true name or capacity of the entities sued as DOES 1 to 250, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiffs and the members of the class as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

26. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of members of the class of Plaintiffs are citizens of a state different from Defendants.

27. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(a)(1) because Defendants are subject to personal jurisdiction in the Northern

District. In addition, Defendants issued auto insurance policies in this district and a substantial potion of events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

28. During the Class Period, Defendants insured and accepted premium payments from Plaintiffs and Plaintiff Class members. During the Class Period, Defendants entered into form written contracts, in connection with automobile insurance services, with Plaintiffs and Plaintiff Class, in the State of Ohio and throughout the United States of America.

29. The form automobile insurance agreements all contained a provision that gave Plaintiffs the benefit of a fully paid rental car if their car sustained irreparable damage, for the shorter of thirty days or until a total settlement is agreed to by the claimant.

30. On or about May 26, 2008, Plaintiff Shannon Van Horn was involved in an automobile accident, resulting in damage to her automobile, which Defendants characterized as a covered loss. Pursuant to the terms of her automobile policy with Defendants, Plaintiff Van Horn was entitled to have Defendants pay for her automobile rental expenses through the earlier of: (a) thirty days; (b) the total repair of her car; or (c) when she agreed to a total settlement. Since Plaintiff Van Horn's automobile was deemed irreparable and a total loss, she was entitled to thirty days of car rental benefits unless she entered a settlement agreement before she used up her thirty days of car rental benefits.

31.     On June 3, 2008, just seven days after the loss, Defendants wrote a letter to Plaintiff Shannon Van Horn containing an offer to settle her total loss, and informing her that her car rental benefits were being terminated, and that Defendants would no longer pay car rental benefits after June 6, 2008.   At this point, Plaintiff Van Horn had not entered into any settlement agreement, and there was no requirement that she agree to the settlement offer proposed by Defendants within any specified period.

32.     The June 3, 2008, letter is clearly a form letter.  In fact, Defendants have a practice and policy of giving notice of the premature terminating of car rental benefits when settlement offers are made to insureds who experience a total loss to their automobiles, *even though the insureds have yet to enter any agreement to settle their claims.*

33.     On or about January 18, 2008, Plaintiff Sandra Prosser was involved in an automobile accident, resulting in damage to her automobile, which Defendants characterized as a covered loss.  She picked up her rental car on or about January 22, 2008.  Pursuant to the terms of her automobile policy with Defendants, Plaintiff Prosser was entitled to have Defendants pay for her automobile rental expenses through earlier of: (a) thirty days; (b) the total repair of her car; or (c) when she agreed to a total settlement.  Since Plaintiff Prosser's automobile was deemed irreparable and a total loss, she was entitled to thirty days of car rental benefits unless she entered a settlement agreement before she used up her thirty days of car rental benefits.

34.     Nevertheless, on or about Thursday, January 31, 2008, Nationwide called Plaintiff Prosser and, after offering her a settlement for the total loss of her vehicle, told

her at the same time that her rental car benefits were being terminated and the car had to be returned *the next day*. Plaintiff Prosser asked if she could keep the car through the weekend. Nationwide refused. Plaintiff Prosser returned the rental car the next day, on or about February 1, 2008.

35.    On or about August 03, 2007, Plaintiff Joelle Quade was involved in an automobile accident, resulting in damage to her automobile, which Defendants characterized as a covered loss. Pursuant to the terms of her automobile policy with Defendants, Plaintiff Quade was entitled to have Defendants pay for her automobile rental expenses through the earlier of: (a) thirty days; (b) the total repair of her car; or (c) when she agreed to a total settlement. Since Plaintiff Quade's automobile was deemed irreparable and a total loss, she was entitled to thirty days of car rental benefits unless she entered a settlement agreement before she used up her thirty days of car rental benefits.

36.    Nevertheless, after roughly one week from the date of accident and rental, Nationwide called Plaintiff Quade and, after offering her a settlement for the total loss of her vehicle, told her at the same time that she had to return her rental no later than three days hence. Quade then accepted the offer and returned the rental as directed.

37.    On or about September 08, 2008, Plaintiff Kathleen Carbon was involved in an automobile accident, resulting in damage to her automobile, which Defendants characterized as a covered loss. Pursuant to the terms of her automobile policy with Defendants, Plaintiff Carbon was entitled to have Defendants pay for her automobile rental expenses through the earlier of: (a) thirty days; (b) the total repair of her car; or (c) when she agreed to a total settlement. Since Plaintiff Carbon's-automobile was deemed

irreparable and a total loss, she was entitled to thirty days of car rental benefits unless she entered a settlement agreement before she used up her thirty days of car rental benefits.

38.    Nevertheless, on or about Friday, September 12, 2008, Nationwide called Plaintiff Carbon and, after offering her a settlement for the total loss of her vehicle, told her at the same time that she had to return her rental on Wednesday, September 17, 2008. Plaintiff Carbon *rejected* Nationwide's offer.  Still, she returned the rental September 17, 2008 because Nationwide told her she had to do so.

39.    As a result, Defendants breached the automobile insurance agreements with Plaintiffs Van Horn, Prosser, Quade and Carbon depriving them of the right to the full car rental benefits to which they are entitled under their insurance agreements.

## CLASS ACTION ALLEGATIONS

40.    Description of the Class: Plaintiffs bring this nationwide class action on behalf of themselves and a Class defined as follows:

> All individuals and entities who: (i) had an automobile policy with one of the Named Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on

which Nationwide would terminate car rental benefits that

was (a) before the expiration of the endorsement defined 30

days that was (b) not conditioned on reaching a settlement

before termination.

41.     Excluded from the Class are governmental entities, Defendants, any entity

in which Defendants have a controlling interest, and Defendants' officers, directors,

affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and

assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding

over this matter and the members of their immediate families and judicial staff.

42.     Plaintiffs reserve the right to modify the Class description based on the

results of discovery.

43.     Plaintiffs and the Plaintiff Class bring this action for compensatory

damages and equitable relief pursuant to subdivision (b)(3) of Rule 23 of the Federal

Rules of Civil Procedure.

44.     Numerosity: Due to the nature of the trade and commerce involved,

Plaintiffs believe that the total number of Class members is at least in the thousands, and

are sufficiently numerous and geographically dispersed such that joinder of all class

members are impracticable. The disposition of the claims of the Class members in a

single class action will provide substantial benefits to all parties and to the Court.

45.     Common Questions of Law and Fact Predominate:   There are many

questions of law and fact common to the representative Plaintiffs and the Class, and those

questions substantially predominate over any questions that may affect individual Class

members.   Common questions of fact and law include, but are not limited to, the

following:

a.   Whether Defendants have a practice and policy of terminating car rental
benefits at the time it makes a total loss settlement offer;

b.   Whether that conduct constitutes a breach of Defendants' form insurance
contracts with its insureds; and

c.   Whether Plaintiffs and the Class are entitled to damages, and if so, the
proper measure of those damages.

46.   Typicality:   Plaintiffs' claims are typical of the claims of the members of

the class.  The claims of Plaintiffs and the Class are premised upon the same polices and

underlying facts, and give rise to the same legal causes of action.

47.   Adequacy of Representation:   Plaintiffs will fairly and adequately

represent and protect the interests of the Class.  Plaintiffs have retained counsel with

substantial experience in prosecuting complex and class action litigation.  Plaintiffs and

their counsel are committed to vigorously prosecuting this action on behalf of the Class,

and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any

interests adverse to those of the Class.

48.   Superiority of a Class Action:   Plaintiffs and the members of the Class

suffered, and will continue to suffer, harm as a result of Defendants' unlawful and

wrongful conduct.  A class action is superior to other available methods for the fair and

efficient adjudication of the present controversy.  Individual joinder of all members of the

class is impractical.   Even if individual class members had the resources to pursue

individual litigation, it would be unduly burdensome to the courts in which the individual

litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

49.     Class certification is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure in that common issues of law and fact predominate over any individual issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The expense and burden of individual litigation makes it impracticable for the members of the Class to pursue individual litigation to vindicate their rights. There are no known facts which mitigate against the maintenance of this action as a class action.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Against All Defendants)

50.     Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

51.     The conduct alleged herein constitutes a breach of contract. Defendants had a duty to pay for/reimburse Plaintiffs and the Class car rental benefits they incurred following covered occurrences. Defendants breached that duty by terminating those benefits at the time a settlement offer was made, rather than in a manner permitted or provided by the contract. As a result, Plaintiffs and the Class were damaged.

52.     The auto insurance policies under which Plaintiffs and the Class seek benefits are valid and enforceable contracts.

53.     Plaintiffs and the Class fulfilled their obligations under the above-described auto insurance policies by, including, inter alia, paying any premiums due and submitting proofs of loss and any other information required of them in a manner acceptable to Defendants and according to Defendants' practice for the submission of such claims to it.

54.     Under the above described auto insurance policies, Defendants promised to pay the stated car rental benefits.

55.     Notwithstanding the foregoing contractual duties, Defendants failed to pay the stated car rental benefits and instead have routinely and systematically terminated and ceased providing car rental benefits by notice before any of the three stated termination events had taken place.

56.     Defendants breached the contract by engaging in the aforementioned conduct.

57.     As a direct and proximate result of the foregoing acts and/or omissions of Defendants, Plaintiffs and the Class were damaged in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

58.   Plaintiffs hereby demand a trial by jury in the instant action.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons

described herein, pray for an Order as follows:

      a. Finding that this action satisfies the prerequisites for maintenance as a class action as set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

      b. Designating Plaintiffs as representatives of the Class and counsel as Class counsel;

      c. Awarding damages against Defendants in favor of Plaintiffs and the Class in an amount to be determined by the Court as fair and just for the wrongful activities of Defendants as described herein;

      d. Awarding Plaintiffs and the Class prejudgment interest on any damages awarded by the Court;

      e. Awarding Plaintiffs and the Class reasonable attorneys' fees and costs of this lawsuit; and

      f. Awarding Plaintiffs and the Class such further relief as this Court deems just and appropriate.

Respectfully submitted,

KISLING, NESTICO & REDICK LLC

By: _____

Alberto R. Nestico, Ohio SBN 0071676
  (nestico@knrlegal.com)
Gary W. Kisling, Ohio SBN 0003438
  (kisling@knrlegal.com)
Robert W. Redick, Ohio SBN 0070861
  (redick@knrlegal.com)
3200 W. Market Street, Suite 300
Akron, Ohio 44333
(330) 869-9007 (Phone)
(330) 869-9008 (Fax)

**KABATECK BROWN KELLNER LLP**
Brian S. Kabateck (*admitted pro hac vice*)
  (bsk@kbklawyers.com)
Richard L. Kellner (*admitted pro hac vice*)
  (rlk@kbklawyers.com)
Alfredo Torrijos (*admitted pro hac vice*)
  (at@kbklawyers.com)
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000 (Phone)
(213) 217-5010 (Fax)

**FEAZELL & TIGHE, L.L.P.**
Austin Tighe (*admitted pro hac vice*)
  (austin@feazell-tighe.com)
6300 Bridgepoint Parkway, Bridgepoint 2
Suite 220
Austin, Texas 78730
(512) 372-8100 (Phone)
(512) 372-8140 (Fax)

*Attorneys for Plaintiffs and the Class*