UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON VAN HORN, *et al.*,    :
    :    CASE NO. 1:08-cv-00605
        Plaintiffs,    :
    :    Judge James S. Gwin
vs.    :
    :
NATIONWIDE PROPERTY AND    :
CASUALTY INSURANCE COMPANY, *et*    :
*al.*,    :
    :
        Defendants.    :

## ORDER GRANTING PRELIMINARY APPROVAL
## OF STIPULATION OF SETTLEMENT

Upon Plaintiffs having made a Motion For Preliminary Approval of a Stipulation Of Settlement, and the Court having read and considered the Motion and the Stipulation Of Settlement,

IT IS ORDERED that:

1.    The Stipulation Of Settlement falls within the range of possible final approval and is hereby preliminarily approved with respect to settlement of both the claims of the class previously certified by this Court on February 10, 2009 (the "First Nationwide Class") and the

prospective class proposed in the Stipulation Of Settlement involving additional Nationwide entities as set forth below.

2.     Plaintiffs are granted leave to file an amended complaint, in the form attached to the Stipulation Of Settlement, amending the Second Amended Complaint to include the following entities as party defendants to this action:

> Colonial County Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Assurance Company, Nationwide General Insurance Company, Titan Indemnity Company, Titan Insurance Company, Victoria Automobile Insurance Company, Victoria Fire and Casualty Company, Victoria National Insurance Company, Victoria Select Insurance Company, and Victoria Specialty Insurance Company (the "Settlement Class Nationwide Defendants")

Plaintiffs shall file the amended complaint within five (5) business days of this Order.

3.     For purposes of determining whether the terms of the Stipulation Of Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Stipulation Of Settlement being finally approved, a settlement class is conditionally certified, for purposes of this settlement only, as consisting of a class defined as follows:

> All individuals and entities who, from October 2, 1993 through February 10, 2009: (i) had an automobile policy with one of the Settlement Class Nationwide Defendants that contained a rental reimbursement endorsement that had no early termination provision or only could be terminated early when "a total settlement is agreed to"; (ii) experienced a total loss and rented a car; and (iii) before agreeing to a settlement offer from Nationwide, received a communication from Nationwide that (1) offered a settlement, and (2) set a date on which Nationwide would terminate car rental benefits that was (a) before the expiration of the endorsement defined 30 days that was (b) not conditioned on reaching a settlement before termination (the "Nationwide Settlement Class").

4.     The following counsel are designated as counsel for the Nationwide Settlement Class ("Class Counsel"):

Brian S. Kabateck
Richard L. Kellner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017

Austin Tighe
FEAZELL & TIGHE, LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas 78730

Alberto R. Nestico
KISLING, NESTICO AND REDICK LLC
3200 West Market Street, Suite 300
Akron, Ohio 44333

5.     Requests for exclusion from the Nationwide Settlement Class must be made by sending a written request for exclusion to Class Counsel in the form and manner substantially similar to that set forth in the Stipulation Of Settlement. Requests for exclusion may only be exercised individually, by a member of the Nationwide Settlement Class, and not by any other person in a representative capacity.

6.     If final approval of the Stipulation Of Settlement is not obtained, or if final judgment as contemplated in the Stipulation Of Settlement is not granted, this order, including the certification of the Nationwide Settlement Class, shall be vacated ab initio and the parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order.

7.     The Court preliminarily finds that the dissemination of notice to potential members of the First Nationwide Class and the Nationwide Settlement Class under the terms and conditions provided for in the Stipulation Of Settlement constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to

such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

8.     Notice shall be mailed in substantially similar form and manner as set forth in the Stipulation Of Settlement no later than ten (10) business days from the date of this Order. The Court also approves the form and manner of handling of claim forms, objections to the Stipulation Of Settlement, and requests for exclusion from the Nationwide Settlement Class, all as set forth in the Stipulation Of Settlement.

9.     A hearing (the "Fairness Hearing") shall be held on. 10/20/2009 ___ at 12:30 p.m. __, Courtroom. 18A ___ of the United States District Court for the Northern District of Ohio, Eastern Division to determine whether the proposed settlement of this action should be approved as fair, reasonable, and adequate, including whether the conditional certification of the Nationwide Settlement Class should be made final; whether final judgment approving the proposed settlement and dismissing all claims asserted in this action on the merits, with prejudice and without leave to amend, should be entered, whether and in what amount Class Counsel should be awarded attorneys' fees and costs, and whether enhancement awards should be made to the named plaintiffs in this action. Class Counsel shall file their motion seeking final approval no later than five (5) days before the Fairness Hearing.

10.    The Fairness Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the First Nationwide Class or the Nationwide Settlement Class.

11.    Objections to the Stipulation Of Settlement must be made no later than fifteen (15) days prior to the Fairness Hearing in the form and manner set forth in the Stipulation Of Settlement. Objections to the proposed settlement shall be heard, and any papers or briefs

submitted in support of said objections shall be considered, by the Court only if they comply with the objection procedures set forth in the Stipulation Of Settlement and the notices to be provided to the potential members of the First Nationwide Class and the Nationwide Settlement Class. The right to object to the Stipulation Of Settlement must be exercised individually by an individual class member, not as a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not by the act of another person acting or purporting to act in a representative capacity.

12.    Any class member who does not file a timely objection waives the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the Stipulation Of Settlement.

13.    The Court's preliminary approval of the Stipulation Of Settlement is not to be deemed an admission of liability or fault by Nationwide or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Nationwide. The Stipulation Of Settlement is not a concession and shall not be used as an admission of any fault or omission by Nationwide or any other person or entity. Neither the terms or provisions of the Stipulation Of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Nationwide, except in any proceedings brought to enforce the Stipulation Of Settlement and except that Nationwide may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.   Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the First Nationwide Class or the Nationwide Settlement Class.

15.   Pending final determination of whether the Stipulation Of Settlement should be approved, all proceedings in this action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Stipulation Of Settlement or to comply with or effectuate the terms of this Order.

16.   Terms not defined herein shall have the meaning set forth in the Stipulation of Settlement.

Dated this ___8th___ day of ___September___, 2009.


**IT IS SO ORDERED.**


s/   James S. Gwin
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT COURT