UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| SHANNON VAN HORN, *et al.* | : |
|  | : CASE NO. 1:08-cv-605 |
| Plaintiffs, | : |
|  | : |
| vs. | : OPINION & ORDER |
|  | : [Resolving Doc. No. 265] |
| NATIONWIDE PROPERTY AND | : |
| CASUALTY INSURANCE | : |
| COMPANY, *et al.* | : |
|  | : |
| Defendants. | : |
|  | : |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this class action, the parties have filed a Proposed Stipulated Settlement, [Doc. 225], a Motion for Final Approval of the Settlement, [Doc. 255], and a Motion for Attorney's Fees. [Doc. 254 & 268.] After a fairness hearing on December 14, 2009, objectors John and Connie Pentz filed a Motion for Clarification of the Settlement Release. [Doc. 265.] Both class counsel and counsel for the Defendants have responded to these motions. [Doc. 271 & 273.] The objectors and class counsel have filed a reply. [Doc. 276 & 279.]

In responding to the objectors' motion, the Plaintiffs and Defendants have taken conflicting positions as to the meaning of the release language in the settlement agreement. While the Defendants say that the release "would encompass claims that defendants allegedly terminated rental benefits prematurely in an effort to coerce class members into accepting lower total loss settlement amounts," [Doc. 273 at 3], the Plaintiffs say that "any claim that class

-2-

Case No. 1:08-cv-605
Gwin, J.

members were coerced to accept a lower payment for their property loss claim . . . is not a part of this lawsuit and is not released by the Settlement." [Doc. 279 at 2.]

Before enforcing a settlement, "the district court must conclude that agreement has been reached on all material terms." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (holding that it was abuse of discretion for district court to impose one party's version of settlement upon the other when its terms were disputed); *see also Whitewood v. Robert Bosch Tool Corp.*, 323 Fed. App'x 397 (6th Cir. 2009) (upholding district court's refusal to enforce settlement agreement and subsequent reinstatement of case on its docket where parties offered conflicting interpretations of agreement's terms).

Because the parties here have raised a fundamental disagreement as to the meaning and scope of the release language, this Court concludes that no settlement has been reached between the parties. Accordingly, the Court **ORDERS** that the case be set for trial.

IT IS SO ORDERED.


Dated: January 11, 2010                     *s/     James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE